ERNEST F. THOMPSON, Appellant, v. THE CUDAHY PACKING COMPANY, Appellee.

**TRIAL:** Directed Verdicts—Test to Determine—Allowable Inferences. When the court is met by motion to direct a verdict, it should carry to the aid of the evidence every inference reasonably permissible in support of the issues. Motion held properly sustained.

**MASTER AND SERVANT:** Negligence—Action—Chosen Grounds of Negligence—Failure to Prove. It is hornbook law that a plaintiff must stand or fall on his chosen ground of negligence.

PRINCIPLE APPLIED: Hams were conveyed to the servant's table by a mechanical carrier. His duty was to trim the hams and throw them into a truck. His chosen ground of negligence was: ''That defendant neglected to provide a truck into which he could throw the hams, whereby the hams which he had trimmed became so piled up as to render the place unsafe; and that a ham was thrown upon the table either from the carrier or by dropping from the pile and drove a knife through his hand.'' The record

showed (a) that the servant was under no command to so pile up the hams, (b) that an unfilled truck was at hand, and (c) plaintiff did not know whether the ham that hit him dropped from the pile or from the carrier or was one thrown upon the table by a fellow workman. *Held*, directed verdict against plaintiff was inevitable.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

TUESDAY, MARCH 16, 1915.

REHEARING DENIED SATURDAY, OCTOBER 2, 1915.

ACTION at law to recover damages for personal injury. There was a directed verdict and judgment for defendant and plaintiff appeals.—*Affirmed.*

*O. E. Martin* and *W. E. Gant,* for appellant.

*Sears & Snyder,* for appellee.

WEAVER, J.—The defendant corporation is a meat packer at Sioux City, Iowa, and at the time in question, plaintiff was one of its employes in that business. His work at that time was the dressing or trimming of shoulders of pork, which were brought into his room or place of employment upon a conveyor or carrier of some kind. It was his business to receive and trim them and throw them into a truck or trucks which were provided for their removal. The injury of which he complains, he alleges was caused in the following manner: that while he was at work at his proper table the defendant neglected and failed to keep him supplied with trucks with sufficient promptness to enable him to remove the shoulders as fast as they were trimmed, with the consequence that they accumulated on the table to a considerable height, rendering the place unsafe; and as he was at work, a shoulder coming in on the conveyor was thrown upon the table or fell from the pile accumulated there, striking the sharp knife held by plaintiff, driving it through his hand in such manner as to

severely cut and injure his index finger, from which injury he suffered pain and loss of time; and the wounded finger has thereby been made stiff and useless and is a detriment to his capacity and efficiency as a working man. The petition is denied by the answer. There is also an attempt to plead an assumption of the risk of the danger such as appellant complains of.

The question presented by the record is whether plaintiff made a case on which he was entitled to a verdict of the jury. In answering this inquiry, he is entitled to the benefit of all the facts which the evidence offered by him

1. TRIAL: directed verdicts: test to determine: allowable inferences.

tends to prove, giving them the most favorable construction of which they are fairly susceptible in support of his claim. Even when thus considered, we think the conclusion inevitable that the ruling of the trial court must be sustained. The fatal defect in plaintiff's case is his failure to show actionable negligence on the part of defendant, and this

2. MASTER AND SERVANT: negligence: action: chosen grounds of negligence: failure to prove.

we think must be the holding though we concede the literal truth of all the testimony given by him and of all the matters of fact which he offered to prove but which were excluded on the defendant's objection. If it should be conceded that the defendants did not furnish trucks enough to carry away the shoulders as fast as they were trimmed, plaintiff was under no order or command or obligation to pile them upon his table where they would endanger his safety. Indeed, testifying as a witness, he seems to abandon the claim that the necessary trucks were not furnished; for he concedes that there was, and for half an hour before he was hurt had been, a truck at hand into which he was throwing the shoulders, and it was not yet filled when his injury occurred. He was then asked: Q. "The only reason the shoulders piled up there was because you did not get them away as fast as they came to you?" and to this he answered, "Yes, sir." He further says, "I did not say anything to anybody about that

and kept on working and allowed them to pile up." When brought to the central question what it was that struck his knife and caused the wound to his hand, he is unable to say whether it was a shoulder falling from the pile on the table or one which was thrown on the table from the conveyor by a fellow workman. He does not even say that the shoulders were sent to him faster than he could have trimmed and thrown them into the truck had he been so disposed. The one charge of negligence is that defendant permitted the place of work to become unsafe "in that it failed and neglected to provide a suitable receptacle or empty truck into which plaintiff could throw the shoulders which had been dressed by him," whereby the shoulders accumulated and piled up in the manner described. This allegation, as we have seen, is distinctly negatived by his own testimony that he had an unfilled truck at hand into which the dressed shoulders could have been thrown, at the very time that he charges that his place of work was made dangerous by the lack of such facilities; and his further concession, that he cannot tell whether the knife was driven through his hand by a shoulder falling from the pile or by one tossed upon the table by a fellow workman, makes plain a failure of proof that his injury was proximately caused by any negligent act or omission of the defendant. This is too clear to justify further argument or discussion. To recover, he must prove the negligence charged. This he has not done. On the contrary he has disproved it.

Many exceptions were preserved to rulings on evidence, but our conclusion that plaintiff's own showing and admissions are such as to preclude a recovery upon any theory of the issues joined in this case, makes it unnecessary for us to pass upon them.

For the reasons stated, the judgment of the district court is—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.