Josephine M. Alsup, Appellee, v. Louisa A. Ray, Appellant.

Gen. No. 17,646.

1. SLANDER—*entire conversation.* In an action for slander, though plaintiff has a right to prove a repetition of the slander, it is not necessary and is error to admit an entire conversation which includes another slanderous statement.

2. EVIDENCE—*entire conversation.* A party is not entitled in the first instance to call for an entire conversation where only part of it is relevant.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed December 17, 1912.

HENRY W. WOLSELEY, for appellant.

EDWARD H. MORRIS, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action for slander brought by appellee against appellant. . The declaration charges that appellant said of and concerning appellee, "She stole my wardrobe." Appellee testified to a conversation had between the parties to the suit shortly after it was commenced, in which she claimed the slander was repeated, and that appellant also said to her, "You dirty strumpet, how dare you summon me to court!" The court overruled the motion to strike out such statement and the ruling is assigned as error.

Appellee's counsel seeks to justify the ruling upon the ground that a repetition of the slander was admissible, and appellee was entitled to have the entire conversation. Unquestionably appellee had a right to prove a repetition of the slander, but it was not necessary to that end that an entire conversation, which included other slanderous statements, if made, should have been admitted.

We recognize the rule of evidence that "where part of a conversation is put in evidence by one party, the other is entitled to put in the whole so far as it is relevant." 2 Wharton on Evidence, sec. 1108. This rule is usually invoked for the benefit of the party against whom the conversation is introduced, and is generally applicable to admissions for the reason that such other parts of the conversation may tend to explain, modify, or even destroy the admission. Chicago City Ry. Co. v. Bundy, 210 Ill. 39, 44. But we know of no rule which entitles a party in the first instance to call for an entire conversation when only a part of it is relevant. Even when the adverse party seeks to call out the whole conversation, it must be confined to the subject matter about which the conversation was called out. Chicago & A. R. Co. v. Thompson, 19 Ill. 578. To prove that appellant had repeated the charge of larceny, it was not necessary to show also that she called appellee a "strumpet." This epithet in itself, if used,

was actionable and calculated to produce quite as much injury to her as the slander relied on. It appears too that it was repeated several times in the presence of many people on the street. There was no proof of special damages. The case was submitted mainly if not wholly on proof that the slanderous words relied on were spoken and published of and concerning the plaintiff. The jury fixed the damages at $1,000. In a case warranting the assessment of exemplary damages, we think it was error to leave in the record for consideration of the jury proof of another distinct and disconnected slander, calculated to stir their feelings and influence them in fixing the amount of damages; and we do not think the error was cured by any instructions on the subject.

In view of this holding we deem it unnecessary to consider the errors assigned upon the instructions complained of. Presumably those subject to criticism will be modified in another trial.

The judgment is reversed and the case remanded for a new trial.

*Reversed and remanded.*