Helga Kuhn, Appellant, v. Lloyd Kjose, Appellee.

No. 41372.

May 2, 1933.

E. R. Acres and T. H. Goheen, for appellant.

C. N. Houck, and McCook & Lyons, for appellee.

CLAUSSEN, J.—In the evening of December 14, 1930, plaintiff and defendant were proceeding in the same direction in automobiles on a paved highway near Decorah, Iowa. Plaintiff was riding in a car driven by her husband. The defendant passed the car in which plaintiff was riding, and, as he returned, or immediately after he had returned, to the right side of the paving, the incidents occurred which resulted in the injuries complained of. Just what such incidents were constitute the fact questions in the case. It was claimed by plaintiff that the defendant hooked onto the front part of the car in which she was riding as he returned to the right side of the highway. It was contended by the defendant that the car in which plaintiff was riding was driven into the rear of his car as, or after, he returned to the right side. The case was tried to a jury, which returned a verdict in favor of the defendant. A motion for a new trial was made by plaintiff, and, upon such motion being overruled, judgment was rendered against plaintiff for the costs of action. From such judgment the plaintiff appeals.

I. The first error relied upon for reversal is in relation to the rejection of certain testimony offered by plaintiff. Soon after the accident plaintiff was taken to a hospital in Decorah. A conversation took place between plaintiff's husband and the defendant in the corridor of the hospital. Upon the trial of the case, plaintiff's husband was examined as a witness in her behalf. After he had been examined in relation to the circumstances under which the accident took place, the jurors were excused, and in their absence the witness stated the substance of the conversation as follows:

"He (defendant) said, 'My name is Kjose, Lloyd Kjose. My address is Ridgeway, Iowa. * * * I have insurance to cover the damage I did you. * * * I will call Gilbert Hopperstad to find out. * * * I paid $18.50 premium on my car, I must have enough insurance. * * * You write down what I am telling you.' I (witness) sat down at a desk and wrote down his name, address, car license and number and when I got up I said 'Kjose, why did you hook me?' He said, 'Doctor, I misjudged the speed when I cut in on you.' He said, 'I will notify Gilbert Hopperstad and will meet you at the office in the morning'."

The proceedings in the absence of the jury were treated by the parties and the court as an offer of the testimony, and objection was made by the defendant to so much of said testimony as referred to insurance carried by the defendant. The court ruled that, when the jurors returned, the witness might be examined concerning that part of the conversation in which the witness asked the defendant why he cut in on witness and the answer given by the defendant, but that the witness might not be examined concerning what was said about insurance.

Thereupon the jurors were recalled, and the following questions asked and answers given:

"Q. Doctor, when you went out into the hall at the hospital that night when your wife was in the operating room, did you have a talk with the defendant, Kjose? A. I did.

"Q. What did you say to him about hooking you, if anything? A. I said, 'Kjose, why did you hook me?' He said, 'I misjudged your speed and I cut in on you'."

Appellant urges that the excluded part of the conversation was necessary to a full understanding of the part admitted in evidence, and that, if any part of the conversation was admissible, she was entitled to prove all of it. There is no merit in these contentions. Only relevant, parts of a conversation are admissible. The cases which discuss this principle are not numerous, but it has been applied frequently in the exclusion of irrelevant parts of conversations. Sims v. Moore, 61 Iowa 128, 16 N. W. 58; Alsup v. Ray, 175 Ill. App. 621; Rollins v. Duffy, 18 Ill. App. 398. This court has held that only relevant parts of a writing may be introduced by the party first offering the instrument. Parnham v. Weeks, 180 Iowa 649, 163 N. W. 454. The principle involved is the same in written admissions as in oral declarations. All that is said in a conversation, *in relation to relevant subjects,* may be shown, and no more.

Brief and hurried conversations, as well as long and deliberate discussions, may relate to more than one subject-matter. The conversation between the witness and defendant was brief, but it related to at least two subjects. One was the manner in which the accident happened. The other was in relation to insurance.

It is a singular fact that one involved in an accident, who has insurance, promptly. discloses that he is insured. At the time such

disclosure is made, it is seldom taken by the other party as an admission of blame for the accident. The belief is nearly universal that liability insurance obligates the insurance company to pay damages, however inflicted. Statements of the character, "I have insurance to cover the damage I did you," are not made as an admission of culpability, but are the expression of the belief that the insurance company must pay, regardless of where blame for the accident may rest. Such statements are not relevant to the issue of negligence.

■ Admissions are often satisfactory evidence. As a rule, however, relevant admissions, after being admitted in evidence, are to be considered with caution and scrutinized with care. Allen v. Kirk, 81 Iowa 658, 47 N. W. 906; Wilmer v. Farris, 40 Iowa 309; Cooper v. Skeel, 14 Iowa 578; In re McDonald's Estate, 167 Iowa 582, 149 N. W. 897; Oberholtzer ,v. Hazen, 101 Iowa 340, 70 N. W. 207. In this situation sound legal principle requires the exclusion of declarations of doubtful relevancy, when interwoven with matter universally recognized as prejudicial and baneful.

What has been said is not in derogation of the well-recognized rule that relevant parts of a conversation will not be excluded because they are inextricably mingled with irrelevant and prejudicial matters. Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346.

The excluded portions of the conversation were not necessary to a full understanding of the parts admitted in evidence. The part admitted in evidence is complete and self-explanatory.

· ■ II. In addition to a general denial, and certain allegations not germane to the objection now under consideration, the answer contains this language:

"Further answering this defendant says that at the time and place alleged * * * plaintiff and one L. C. Kuhn * * * were together engaged in a joint enterprise and in operating the motor vehicle in which they were riding and that the negligence of the plaintiff and of the said L. C. Kuhn contributed to and caused the injury and damage if any there·was ;which plaintiff complains of. * * *"

In stating the issues tendered by the answer, the court said:

"The defendant for answer denies each and every allegation of plaintiff's claim and cause of action and alleges that if plaintiff suffered any injury or damage as alleged by her, that same was

contributed to and caused by the negligence of the plaintiff and that of her husband, Dr. L. C. Kuhn."

Nothing was said by the court in relation to the claim that plaintiff and her husband were joint adventurers. Complaint is made of such omission. There was no evidence that plaintiff and her husband were joint adventurers; consequently that issue was properly ignored by the court. Disalvo v. C., R. I. & P. Ry. Co., 199 Iowa 868, 200 N. W. 729, 202 N. W. 608.

Appellant states that the allegations of the answer, stating that her injuries were due to her negligence and the negligence of her husband, were stricken on motion. This is refuted by the quotation from the answer hereinbefore set forth.

Appellant complains that the issues raised by the answer were incompletely and unfairly stated in the instruction quoted. By referring to the part of the answer hereinbefore quoted, it will be observed that the answer was not happily framed. The quoted part is one compound sentence containing two complete and distinct statements. One is that appellant and her husband were joint adventurers; the other, that the injuries complained of were due to the negligence of appellant and the negligence of her husband. This is evidently the construction placed upon the sentence by the trial court, for no mention was made, in stating the issues, of the claim that appellant and her husband were engaged in a joint enterprise, while the remaining part of the sentence is covered in the instruction. The answer was not separated into divisions. There is nothing in the language used that associates one statement with the other. The fact that the two statements were contained in one sentence does not require the court to incorporate in the statement of the issues the part concerning which there was no evidence in the record. We reach the conclusion that the issues were properly stated by the trial court.

The court in that instruction did not tell the jury that if plaintiff and her husband were jointly driving and operating the automobile and together engaged in a joint enterprise then if the injury was caused by the negligence of the plaintiff and her husband, she could not recover.

Counsel for appellant completely overlook the fact that this instruction does no more than state the claims of the defendant as

made in the answer, and does not touch upon nor discuss the circumstances under which appellant might or might not recover.

■ III. The court instructed the jury that negligence, if any, on the part of the driver of the car in which plaintiff was riding, could not be considered in passing upon the question whether plaintiff was free from contributory negligence, and could only be considered in determining whether defendant's negligence, if any, was the proximate cause of plaintiff's damage. Undoubtedly under the record in this case negligence on the part of the driver could not be imputed to the plaintiff. It is equally certain that she could not recover if her injuries were due solely to her husband's negligence. In determining whether the accident was due to defendant's negligence, the jury had the right to consider evidence tending to show that it was due to carelessness on the part of plaintiff's husband. The complaint made of the instruction is that it does not advise the jury that plaintiff could recover even though negligence on the part of her husband concurred with the negligence of the defendant in producing the accident. Before there can be a recovery of damages, causal relationship must be established between such damages and the negligence complained of. The concurrent negligence of others will not prevent recovery if the negligence complained of is still the proximate cause of the damage. The negligence complained of must be the proximate cause of the injury, but it need not be the sole and only cause. Still, an admission of these elementary principles of law does not make the instruction vulnerable to the complaint made. The instruction does not touch upon these matters. It is confined to limiting the purpose for which negligence on the part of plaintiff's husband, if established, could be considered. The instructions, as a whole, permit recovery upon proper proof of the allegations of the petition. In the absence of request, it was not necessary for the court to elaborate upon the thought that is the basis of complaint against this instruction.

■ IV. In one instruction the court copied Code sections 5021 and 5022, relating to the duties of the drivers of cars overtaking and overtaken by another. The complaint made against this is that there was no occasion to instruct upon the duties of the driver of the overtaken car, under the record in the case. The evidence was in sharp conflict whether, in passing, defendant cut in on the Kuhn car, or the Kuhn car was driven into the rear of defendant's car.

In this situation it was proper to define the duties of the drivers of both cars.

V. It has been indicated that the evidence is in sharp conflict as to how the accident happened. Such conflict in evidence raised a jury question, and consequently there was no error in overruling plaintiff's motion for a directed verdict.

There is no error in the record. The judgment of the trial court must be and it is affirmed.

KINDIG, C. J., and EVANS, STEVENS, ALBERT, DONEGAN, and ANDERSON, JJ., concur.