GENEVIEVE SPRAGUE, appellant, v. ROSELLA BRODUS et al.,
appellees.

No. 48344.

(Reported in 60 N.W.2d 850)

November 17, 1953.

Evans, Duncan, Jones, Hughes & Riley, of Des Moines, for appellant.

Steward & Crouch, of Des Moines, for appellees Rosella Brodus and Robert Brodus.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee Herman Dunsay.

MULRONEY, J.—The automobiles operated by Robert Brodus and Herman Dunsay met in collision at a Des Moines intersection, and Genevieve Sprague, a passenger in the Dunsay car, was injured. In her suit against Dunsay, based on recklessness, and against Robert Brodus the operator and Rosella Brodus the owner of the Brodus car, based on negligence, the trial court directed the verdict at the close of plaintiff's testimony in favor of Dunsay, but overruled the motion for directed verdict in favor of Robert and Rosella Brodus. The case proceeded against the defendants last-named and at the close of their testimony the case was submitted to the jury and the jury returned a verdict in favor of the defendants. This appeal by plaintiff is limited to questions relating to claims of error in the admission of testimony by a police officer with regard to statements made to him by Dunsay which it is alleged were confidential under section 321.271, Code, 1950. There is no appeal from the order directing the verdict for Dunsay.

In the course of the trial, after the verdict had been directed for Dunsay, plaintiff's counsel addressed the court just before appellees' witness, Martin Polley, a police officer, took the stand. Counsel told the court that officer Polley had been assigned to investigate the accident and opposing counsel had advised him that he intended to interrogate officer Polley concerning state-

ments made to him by Herman Dunsay, the driver of the vehicle in which plaintiff was riding, with respect to the condition of the traffic lights at the intersection involved. Counsel read to the court section 321.271, Code, 1950, as follows: "All accident reports shall be in writing and the written report shall be without prejudice to the individual so reporting and shall be for the confidential use of the department, except that upon the request of any person involved in an accident, or the attorney for such person, the department shall disclose the identity of the person involved in the accident and his address. A written report filed with the department shall not be admissible in or used in evidence in any civil case arising out of the facts on which the report is based."

Counsel then went on to state: "It is our contention that not only is the writing confidential, but statements made to the police officer while carrying out his duties preparatory to making such report are also confidential and are privileged. It is our further contention that if the witness is allowed to take the witness chair and counsel is allowed to ask questions which are confidential, that great damage will be done to this plaintiff, and therefore we request the court to admonish counsel not to ask such questions."

Evidently the requested admonition was refused, for when officer Polley took the stand he testified he was sent to the scene of the accident to make an investigation and he stated in the course of his investigation he made notes, and some of the notes were with respect to his talk with Herman Dunsay in the hospital. Appellees' counsel told the officer to refresh his recollection if need be from his notes and then asked the following question and received the following answer: "Q. Officer, did he at that time and place say this or this in substance, that as he approached the intersection the light changed but he was unable to stop? A. He said in the statement to me that the light was yellow and he was unable to stop." The question and answer were practically repeated and all of this testimony was received over plaintiff's objections and motions to strike which sufficiently raised the ground that the statements made to the investigating officer were confidential and inadmissible under the statute above-quoted. The officer testified that the investigation was a part of

his official duties and the facts gathered by him in connection with this investigation went to make up a report that goes to the state department. Appellees practically admit the officer's testimony would be within the prohibition of the statute if (1) plaintiff can raise the objection of its confidential nature and (2) if plaintiff did not waive the privilege.

I. The first argument of appellees is that the privilege accorded the confidential communication is personal and available only to the participant. In another brief point appellees contend the language of the statute does not create an absolute prohibition and the privilege created is personal to the person reporting or someone in his behalf. We can examine these brief points together.

Section 321.266, Code, 1950, provides in part: "* * * every law enforcement officer who, in the regular course of duty, investigates a motor vehicle accident * * * either at the time of and at the scene of the accident or thereafter by interviewing participants or witnesses shall, within twenty-four hours after completing such investigation, forward a written report of such accident to the [state motor vehicle] department." This accident report is made confidential by section 321.271, previously quoted, by the language: "All accident reports shall be in writing and the written report shall be without prejudice to the individual so reporting and shall be for the confidential use of the department * * * [and] * * * a written report filed with the department shall not be admissible in or used in evidence in any civil case arising out of the facts on which the report is based."

In Bachelder v. Woodside, 233 Iowa 967, 974, 9 N.W.2d 464, 467, we held "the statements made to the officer by the reporting motorist, which become a part of the written report, should be considered as confidential as the written report itself." See also McBride v. Stewart, 227 Iowa 1273, 290 N.W. 700, and Vandell v. Roewe, 232 Iowa 896, 6 N.W.2d 295.

The substance of appellees' argument is that the statute creates a right in favor of the person interviewed by the officer to invoke the privilege of nondisclosure of the confidential report, and possibly the same right for someone in privity with that person, such as the employer of a reporting driver, but no other

person is entitled to raise the question of the confidential nature of the report. The statute does more than create a personal privilege. It prohibits the use of the report in evidence. It states that the report "shall be without prejudice to the individual so reporting *and* shall be for the confidential use of the department." (Italics supplied) The next section, §321.272, provides that the department shall analyze these accident reports and publish statistical information based thereon.

The main object of such accident reporting statutes is to enable the department to obtain information to the end that necessary safety regulations can be made or recommended to the legislature. In Lowen v. Pates, 219 Minn. 566, 569, 18 N.W.2d 455, 456, where the Minnesota statute was almost identical with ours, the opinion has this to say with respect to the legislative intent:

"After the usual futile search for some evidence of legislative intent among the committee reports, the statement in 8 Wigmore, Evidence (3d Ed.), § 2377, p. 766, is enlightening on this point, where the same provisions in other vehicle codes are discussed as follows:

" '* * * Here the main object is to investigate conditions and causes with a view to future administrative action; hence the State can afford to abdicate the use of such reports for purposes of punishment or of private litigation, in case the facts reported reveal a legal liability or a commercial secret on the part of the person reporting.'

"This statement is borne out by §169.10 (Mason St. 1940 Supp. §2720-174), providing that the department shall tabulate and may analyze all accident reports and shall publish annually, or at more frequent intervals, statistical information based thereon as to the number and circumstances of traffic accidents."

Evidently the legislature felt it important that the driver being questioned by the officer should always realize that he could speak freely; that he would always know he was talking in confidence and there would be no incentive to slant his statements or shape his answers so as to impress the officer. This, the legislature felt, would increase the value of the accident report as statistical data. The manifest design of the legislature is to

enable the government to secure statistical data, under the seal of confidence, that is not to be broken in private litigation.

Appellees do not seem to argue that the statute is ambiguous. Their argument seems to be that making a privilege of a confidential communication available to one who was not a participant in the communication is some sort of an extension to the general rule, and the Iowa rule on confidential communications. If it be an extension that the legislature has created by an unambiguous statute, we presume courts must accept it. Appellees support their argument by cases and authorities dealing with physician-patient and attorney-client communications, where the privilege is personal and must be asserted by the patient or client and can be waived by them.

In Burgess v. Sims Drug Co., 114 Iowa 275, 280, 86 N.W. 307, 309, 54 L.R.A. 364, 89 Am. St. Rep. 359, we said: "* * * the privilege is that of the client or patient, and it exists in his favor until in some way abandoned."

Here the statute involved has an entirely different purpose. It is for the benefit of the public. The communication which the statute says shall be confidential is a required communication—required by law to be given to the motor vehicle department. It is to enable a public department to secure information that will aid in the solution of highway traffic and safety problems. The statute makes the report a confidential communication *to the department*. It specifically states the filed report "shall not be admissible * * * [and is not to be]. used in evidence." As previously pointed out, the oral statements made to the investigating officer are subject to the same prohibition as the written report. Since the statutory prohibition of the report as evidence is not for the sole benefit of the party reporting, the statute can be the basis for objection by one who is not a party to the report. The objector is merely objecting to the introduction of a piece of statistical data.

Stevens v. Duke, Fla., 42 So.2d 361, is a case where, under a statute similar to ours, it was held, without discussion, that the statements of a driver-employee of plaintiff, given to an investigating officer, were rightly excluded, even though the driver was not a party to the litigation. The case illustrates the wisdom of

the legislature in not restricting the privilege to the person reporting for in most all cases where an employee-driver is not injured in the accident caused by the alleged negligence of another, the driver is not a party.

In Henry v. Condit, 152 Ore. 348, 53 P.2d 722, 103 A.L.R. 131, the case was somewhat like the instant case in that plaintiff sued two defendants, a dealer and his salesman, and the latter did not answer and the case proceeded against the dealer. It was held statements by the salesman at the time he reported the accident were rightly excluded under a statute like ours.

Appellees attempt to distinguish these cases by pointing out the persons reporting were in privity or employees of the party objecting to the use of the report in evidence. But this is not distinguishing the authorities. It is changing the argument by contending our statute makes the privilege available to those who report and then adding, or those who are in privity with them—something it plainly does not say. The full sweep of the holding in the cited cases is that the prohibition of the use of the confidential communication in evidence is available to an objector who was not a party to the communication.

The case of Stevens v. Duke, supra, is particularly in point in that the driver in that case was not a party to the suit. There are many other cases where the driver of a car would not necessarily have to be made a party defendant when he did not own the car he was driving. If appellees' argument would be sustained there would be. an inducement not to join a nonowner driver as defendant so as to remove the bar of the statute.

II. Appellees argue that the privilege was waived. This is based on the following portion of the record. Before the motion to direct for Dunsay was sustained plaintiff called him to the witness stand as her witness. He testified on direct examination that as he entered the intersection he had the green light and the amber came on as he was driving through the intersection. Subsequently he was cross-examined by appellees' attorney without objection, as follows: "Q. I want to ask you, did you at that time and place there in Broadlawns hospital say to this officer this or this in substance: That as you approached the intersection the light changed but you could not stop? A. I didn't say that." He-

was then cross-examined by his own counsel without objection, as follows: "Q. What was that conversation with reference to the changing of lights? A. I told him I had the green light as I entered the intersection, and after I was in the intersection the amber light came on."

It would probably be a sufficient answer to this argument of waiver to point to our conclusion in the first division above. If the prohibition of the statute is not for the benefit of the driver or any other individual, but for the public at large, represented by a department of government, it would seem it would not be waived by any course of conduct short of failing to object when the accident report testimony was offered. But in any event, in the field of personal privileges, where provision for waiver is usually incorporated in the statute (see section 622.10, Code, 1950) the rule is that waiver does not result from answering questions on cross-examination without objection as to the privileged communication. McConnell v. City of Osage, 80 Iowa 293, 45 N.W. 550, 8 L.R.A. 778; Burgess v. Sims Drug Co., 114 Iowa 275, 86 N.W. 307, 54 L.R.A. 364, 89 Am. St. Rep. 359; Lauer v. Banning, 140 Iowa 319, 118 N.W. 446; Arnold v. Fort Dodge, Des Moines & Southern R. Co., 186 Iowa 538, 173 N.W. 252. Appellees' argument is that plaintiff's failure to object to the questions on cross-examination constituted the waiver. The argument is answered by this pertinent quotation from Burgess v. Sims Drug Co., supra, at page 281 of 114 Iowa:

"In the case before us it is evident that any objection of the witness on cross-examination to testify as to the communication might well have been prejudicial, and therefore that the answer of the witness with reference thereto cannot be treated as a waiver of the privilege, for it is essentially not voluntary. If counsel saw fit, on cross-examination, to inquire into this matter, he must be bound by the answer, and cannot afterwards claim that the witness, by answering without objection, voluntarily waived the privilege."

As applied to this case, especially to the question asked by appellees' counsel, it can readily be seen plaintiff would certainly want her witness to answer the question. The likelihood of a

prejudicial assumption from an objection to the question, even if sustained, is certainly not remote.

■ Appellees contend the objection to the evidence was waived by plaintiff's extended cross-examination of the officer concerning Dunsay's statement to him. Appellees cite no authority in support of this contention. That such is not the law in this state, see Halligan v. Lone Tree Fmrs. Exch., 230 Iowa 1277, 300 N. W. 551, and cases cited in the opinion.

III. In some of appellees' brief points there is an argument that the statute is unwise and it leads to the suppression of truth. We are not concerned with the wisdom of the legislation. In the instant case appellees contend the statute should be limited to the prohibition of the report as evidence upon the objection of the person reporting. The argument amounts to a contention that the accident report should not be barred under the statute when the person reporting is not a party. Its use in such a situation would seldom, if ever, be for substantive proof of facts. It would be used, as in the instant case, for impeachment purposes, so the argument that the statute leads to the suppression of truth has little force. Impeachment testimony in the nature of prior inconsistent statements does not contradict that testimony given by a witness that tends to prove essential facts. It might impair the credibility of the witness if the triers of fact choose to believe the officer. But one cannot always assume the truth of the officer's testimony and argue truth is suppressed if he is not permitted to testify. The officer's version of his interview with the driver is not to be taken as a verity when denied by the driver.

■ The alleged errors with respect to the admission of the officer's testimony were grounds of plaintiff's motion for new trial, which motion was overruled. The motion should have been sustained. The cause is reversed.—Reversed.

GARFIELD, OLIVER, WENNERSTRUM, SMITH, THOMPSON, and LARSON, JJ., concur.