No. 17,598.

OLIVER J. RIPPLE *v.* WAYNE K. BRACK.

(286 P. [2d] 625)

Decided July 11, 1955.

Messrs. WOLVINGTON & WORMWOOD, for plaintiff in error.

Messrs. STRANG, LOESCH & KRIEDLER, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

MARCH 1, 1952, a head-on collision occurred on U. S. Highway No. 50 in Montrose county between automobiles driven by plaintiff and defendant who appear in the same order in this court.

March 25, 1953, Ripple, as plaintiff, filed his complaint for damages against defendant Brack, alleging that defendant so carelessly and negligently drove and operated an automobile as to run into and collide with an automobile owned and operated by plaintiff; that as a result thereof, plaintiff's automobile was damaged in the sum of $905.15; that plaintiff was deprived of the use of his automobile to his damage; that he suffered personal injuries to his back and damage in the sum of $150.00 and medical expenses of $100.00; and prayed for judgment in the sum of $1,655.15.

On the 20th day of May 1953, defendant answered, admitting the formal allegations of the complaint and the damage to plaintiff's car, but denied any carelessness or negligence on his part; that the accident, injury and damage resulting were wholly or partly caused and contributed to by the negligence on the part of plaintiff; as a counterclaim, alleged that plaintiff's negligence caused defendant to suffer personal injuries and loss; and prayed for judgment against plaintiff in the sum of $22,669.95,

Answer to the counterclaim was filed by plaintiff denying the allegations thereof.

The case was tried to a jury June 29, 1954, which returned a verdict in defendant's favor against plaintiff, assessing damage at $5,000.00, and judgment was entered thereon. Motion for new trial was based largely upon the trial court's refusal to grant a motion for a mistrial during the procedure and such constitutes the summary of the argument here, which is in the following words:

"Summary of Argument

"The plaintiff will urge that the court erred in failing to grant a mistrial after prejudicial questions and remarks by defendant's counsel in the presence of the jury."

This is the only question presented.

Upon this state of the record no purpose can be served in a discussion of the facts of the case and the evidence submitted to the jury, because the jury's resolution of the issues will not be disturbed unless it appears that prejudice obtained against plaintiff during the trial on account of certain questions propounded to plaintiff by counsel for defendant.

The first witness called was an investigating officer of the Colorado State Patrol, who testified that on a call he investigated this accident, which occurred about eight miles east of Montrose, where he found the automobiles involved had collided on a slippery, curving portion of the highway; that both parties were suffering from cuts and bruises, and defendant seemed to be in a dazed condition and the officer sent him to a hospital in Montrose. He gave his opinion concerning the limit of a safe speed for the two automobiles under the conditions present, and other opinions, which, as they relate to a down-hill, icy highway, are not in the field of expert testimony.

Upon cross-examination of the officer, the attorney for defendant reminded the officer that he was to check and see what plea plaintiff entered on charges filed against him in the justice of the peace court. Counsel for plain-

128

tiff objected; counsel then asked if he had charged plaintiff with the traffic violation. Counsel for plaintiff protested vigorously and asked that this question be taken up in chambers and the question was withdrawn. Whereupon the court stated, "Then there is nothing before the Court. You may proceed."

Counsel for plaintiff in proper time moved for an order granting a mistrial on the ground that the questions propounded and the evidence sought to be elicited in reference to proceedings in the justice court and a plea which plaintiff may have entered was extremely prejudicial to plaintiff and wholly improper, and that the jury has been affected by such remarks of counsel. This motion was denied.

The objectionable questions on cross-examination of the patrolman are as follows:

"Q. Do you remember when we took your deposition in Golden, you were going to check and see what plea Mr. Ripple entered on the charge that you filed against him in the Justice of Peace Court; did you do that? Mr. O'Dell: Just a minute. We object to that. Q. He said in his deposition that he would do it. If that is objectionable, we can get it with another witness. Mr. O'Dell: We would like to be heard on that, may it please the Court. Q. If you are going to take up a lot of time, I will get it somewhere else."

\* \* \*

"Q. Did your investigation show that Mr. Ripple had been on the wrong side of the road? A. Yes, sir. Q. You charged him with a traffic violation? A. I charged — Mr. O'Dell: Objection. If it please the Court, I think we had better take this up in the chambers. Q. I can still get it from another witness. The Court: Are you withdrawing it? Q. All right, now you gave some — Mr. O'Dell: If it please the Court, there is still a matter here I would like to take up in the chambers. Q. I will withdraw the question. The Court: Then there is nothing before the Court. You may proceed."

Counsel for plaintiff insist that these questions and remarks of counsel are a flagrant violation of C.R.S. 1953, 13-4-140, which is as follows: "Conviction record inadmissible in civil action. No record of the conviction of any person for any violation of this article shall be admissible as evidence in any court in any civil action."

The article referred to in the section of the statute just quoted is a part of the Motor Vehicle Act of the State of Colorado, S.L. '35, p. 712. When carefully appraised, the circumstances of this case make this particular statute inapplicable so far as it relates to the introduction of a record of conviction; however, the intent and purpose of such a statute is too obvious to require discussion and it is clear that the very underlying purpose of this statute was defeated by the questions propounded and the answers returned as above related. The prejudice to plaintiff at once appears.

The State of Minnesota has a similar statute under its Capital Highway Traffic Regulation Act, being section 169.94, subdivisions 1 and 2, 1941 Statutes, and subdivision 1 is as follows:

"Record of conviction. Subdivision 1. Not admissible as evidence.

"No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action."

There, in an action for damages under comparable facts, similar questions were propounded to plaintiff over objections and in consideration of the prejudicial error claimed by the asking of such questions, the Supreme Court in the case of *Warren v. Marsh,* 215 Minn. 615, 11 N.W. (2d) 528, made the following apt observation: "Applying that test of construction to the statute under consideration, we have no hesitancy in arriving at the conclusion that the legislature intended to prohibit the asking of the very question put to the plaintiff in this case as to whether or not he had pleaded guilty in

justice court to a violation of the state highway traffic regulation act."

We are at a loss to find a more appropriate expression of our determination of the question here presented and have no hesitancy in reversing the judgment for the reason of the apparent prejudice to plaintiff occurring as a result of the questions propounded. Therefore the judgment is reversed and the cause remanded for a new trial.