PER CURIAM.
The defendant appeals a final judgment pursuant to a jury verdict awarded the plaintiff-appellee in a personal injury action. We affirm.
At about 10:00 P.M. on the evening of the accident, plaintiff, a postal employee, parked his special delivery truck on the west side of Alton Road in Miami Beach, Florida. Plaintiff then walked east across the road until he reached a point well past the center line of the street, where he was struck by the automobile driven by defendant. The defendant testified that he did not see the plaintiff until he hit him.
The defendant-appellant presents two points on appeal. The first urges that the court should have directed a verdict for the defendant at the conclusion of the plaintiff’s case. The second urges error upon the giving of a charge on the doctrine of last clear chance.
An examination of the record reveals that the questions of defendant’s negligence and plaintiff’s contributory negligence were properly submitted to the jury. The facts *879 in this case are distinguished from the facts in Douglas v. Hackney, Fla.1961, 133 So.2d 301, in that in the Douglas case there was a mere possibility that the plaintiff was visible in the roadway in a position of peril. In the instant case the record establishes that the plaintiff would have been clearly visible to the defendant if he had been looking. The defendant’s testimony that he did not see the plaintiff until he hit him, when the testimony of another witness indicates that the plaintiff could clearly be seen, was a sufficient basis for the jury to find that the proximate cause of the accident was defendant’s inattention.
Since there is evidence in the record as above discussed which afforded a reasonable basis for a finding by the jury that the plaintiff was visible and there to be seen if the defendant had looked, the giving of the instruction on last clear chance was authorized under the decision of the Supreme Court in James v. Keene, Fla.1961, 133 So.2d 297.
Affirmed.