DONALD L. MARTIN, appellant, v. CLYDE C. CAFER, appellee.

No. 51775.

(Reported in 138 N.W.2d 71)

178

■

■

· NOVEMBER 16, 1965. ·

A. Fred Berger, Jr., and A. Fred Berger, Sr., both of Davenport, for appellant.

Betty, Neuman, McMahon, Hellstrom & Bittner, Thomas Daley, Jr., and Ronald Carlson, all of Davenport, for appellee.

THORNTON, J.—This is a guest case, brought by plaintiff-passenger to recover for injuries received when the car turned over. The trial court directed a verdict against plaintiff at the close of his evidence because of the insufficiency of the evidence to show recklessness. He appeals.

Plaintiff complains of rulings on evidence and the direction of the verdict.

· I. The trial court sustained objections to plaintiff's offer of a portion of defendant's discovery depositions taken pursuant to rule 144(b), Rules of Civil Procedure. Defendant now concedes this was error, White v. Walstrom, 254 Iowa 646, 650, 118 N.W.2d 578, but argues it was not prejudicial as the evidence contained in the deposition coupled with other evidence in the record would not make a prima facie case of recklessness.

■ II. Plaintiff's case is based on reckless operation by the

defendant-owner and driver of a Triumph hardtop in which plaintiff was riding as a guest. Section 321.494, Code, 1962. He is entitled to have his evidence viewed in the light most favorable to him, rule 344(f)2, Rules of Civil Procedure. We need consider only the evidence favorable to plaintiff, whether or not it was contradicted. Lewis v. Baker, 251 Iowa 1173, 1177, 104 N.W.2d 575. To entitle plaintiff to have his case considered by a jury there must be facts from which the inference of recklessness may be fairly drawn.

The parties have cited all of the pertinent cases under the guest statute in Iowa. They agree on the definition of reckless operation and the elements of recklessness. They have often been stated as follows:

Reckless operation of a motor vehicle as used in section 321.494, Code, 1962, means more than negligence, more than want of ordinary care. It means, proceeding with no care coupled with disregard for consequences, the acts must manifest a heedless disregard for or indifference to the rights of others in the face of apparent danger or danger so obvious the operator should be cognizant of it, when the consequences of such actions are such an injury is a probability rather than a possibility. Recklessness may include willfulness or wantonness, but if the conduct is more than negligent it may be reckless without being willful and wanton. The elements of recklessness are: (1) No care coupled with disregard for consequences. (2) There must be evidence of defendant's knowledge, actual or chargeable, of danger and proceeding without any heed of or concern for consequences. And (3) The consequences of the actions of the driver are such that the occurrence of injury is a probability rather than a possibility. We have required evidence of a persistent course of conduct to show no care coupled with disregard of consequences. If it were not so required we would be allowing an inference of recklessness from every negligent act.

The difficulty in each case is, from the facts shown may the inference of recklessness be fairly drawn? Our duty is not to determine whether the facts constitute recklessness, but only are they such a jury may properly do so.

Plaintiff's evidence shows defendant and he were friends

and neighbors, defendant offered plaintiff a ride to check on future employment. After plaintiff had called at the employers he met defendant again at a club where they played cards and drank four bottles of beer each from about 1 p.m. to between 4 and 5 p.m. when they started their return trip. Defendant drove onto Highway No. 61, West River Drive, a four-lane divided highway in Davenport, without stopping. He shifted his Triumph through·four speeds and by that time was driving 60 miles per hour in fairly heavy five o'clock traffic. As they approached the intersection ·of Concord Street and West River Drive at the same speed there were other vehicles occupying the intersection and turning both left and right; defendant drove in between the turning cars, saying, "That's pretty good driving, isn't it?" Plaintiff then said to defendant, "If you are going to drive like this, I would just as leave you would let me out." Defendant continued to drive between 60 and 70 miles per hour. Plaintiff again said to defendant that "if he was going to drive like that I would just as leave he would let me out, because I didn't like· to ride like this, as fast·as he was driving, I thought he ought to slow down." Defendant did not answer. Defendant continued to so drive to Fairmount Street about one quarter of a mile west of Concord Street and turned right into Fairmount Street without applying his brakes or slowing down. After making the turn the Triumph turned over on Fairmount Street at a point from a half a car length to 80 or 100 feet from the intersection. The jury could properly find no attempt was made by defendant to apply the brakes, that the car had made a complete turnaround, then rolled completely over onto its wheels again and defendant attempted to drive away but got no farther than 200 feet from the intersection. Fairmount Street forms a T intersection with West River Drive. Fairmount Street is the trunk of the T. The speed limit on West River Drive was 45 miles per hour. Plaintiff and a young lady driving on West River Drive testified to defendant's speed, failure to apply brakes, turn and rolling over. Two police officers testified to the tire marks and debris made by defendant's car in turning and rolling over. The evidence shows defendant lived within five blocks of the corner and was acquainted with it. It could be properly inferred from their tes-

timony defendant did not at anytime apply the brakes. In his deposition defendant testified he knew he was going to turn at Fairmount Street and he did not apply his brakes before making the turn and the brakes on the right front wheel "grabbed and turned us over." He testified he knew of this grabbing condition since he had the car. The distance from the club to Concord Street is one-half mile, from Concord Street to Fairmount one-fourth mile.

We have this question, Does driving between 60 to 70 miles per hour for three quarters of a mile in a 45-mile-per-hour zone through fairly heavy five o'clock traffic and making a right-angle turn from the arm to the trunk of a known T intersection without in any manner slowing down constitute evidence from which an inference of recklessness may be drawn?

The evidence clearly shows excessive speed from the club to the T intersection, plaintiff's requests to slow down or let him out, a right-angle turn at between 60 to 70 miles per hour, and defendant's knowledge of the corner and his intent to turn there. The cause of the accident was the sharp turn at high speed. If the defendant had continued west or decreased his speed the accident would not have happened. The facts here are somewhat similar to those in Allbee v. Berry, 254 Iowa 712, 119 N.W.2d 230, where the defendant was driving between 80 and 100 miles per hour downhill on the trunk of a known T intersection outside of a city or town; after requests to apply his brakes he did not do so until he was within 200 to 250 feet of the intersection but was unable to stop. We there held reckless operation was a jury question.

In the Allbee case and this one defendants knew of impending danger; the speed was not decreased. Injury was a probability rather than a possibility. Certainly a jury could find evidence of knowledge of danger and proceeding without any heed of or concern for consequences. To contemplate a right-angle turn at between 60 to 70 miles per hour is evidence of no care coupled with disregard for consequences and a persistent course of conduct.

Defendant in argument states that assuming the cause of the accident was in fact excessive speed in turning the corner, this

182

would constitute no more than a mere error in judgment or momentary inadvertence. He cites Wilcox v. Hilligas, 254 Iowa 204, 117 N.W.2d 42; Beletti v. Schuster, 253 Iowa 1166, 115 N.W.2d 858; Schmitt v. Cutkomp, 248 Iowa 575, 81 N.W.2d 662; Kauzlarich v. Fitzwater, 255 Iowa 1067, 125 N.W.2d 205; and Nehring v. Smith, 243 Iowa 225, 49 N.W.2d 831. An examination of these cases will show that in none of them was there evidence of 60 to 70 miles per hour speed coupled with a deliberate right-hand turn without decreasing speed. There was no evidence of intentional conduct in any of the cited cases.

Defendant also points to our speed cases, Delay v. Kudart, 256 Iowa 523, 128 N.W.2d 201; Skalla v. Daeges, 234 Iowa 1260, 15 N.W.2d 638; Anderson v. Elliott, 244 Iowa 670, 57 N.W.2d 792; Lewis v. Baker, 251 Iowa 1173, 104 N.W.2d 575; and Allbee v. Berry, 254 Iowa 712, 119 N.W.2d 230. In Skalla defendant hit a bridge going between 90 to 100 miles per hour. In the other cases speed was not considered alone but in relation to a turn or traffic. In Lewis, at page 1178 of 251 Iowa, page 578 of 104 N.W.2d, we point out "speed does not operate in a vacuum; there are always other conditions surrounding it." In Scott v. Hansen, 228 Iowa 37, 289 N.W. 710; Fritz v. Wohler, 247 Iowa 1039, 78 N.W.2d 27; McDonald v. Dodge, 231 Iowa 325, 1 N.W. 2d 280; Mayer v. Sheetz, 223 Iowa 582, 273 N.W. 138; and Ritter. v. Dexter, 250 Iowa 830, 95 N.W.2d 280, speed from 70 to 80 miles per hour was considered. In Ritter the car failed to make a curve. In Fritz defendant went off onto the right shoulder. In McDonald a loose wheel from another vehicle struck defendant going 80 miles per hour. In Scott defendant going 80 struck a cow crossing the road leaving brake or skid marks for 354 feet from the point of impact. In Mayer defendant sideswiped another car. None of these cases shows a deliberate right-angle turn in excess of 60 miles per hour.

Defendant also urges the speed he was traveling on West River Drive is totally unrelated to the issues before us since the accident did not happen on West River Drive. He urges there is no clear evidence as to the speed at which he attempted to turn and there is no showing as to the speed at which a safe turn could be made. These arguments are untenable. The jury could

properly find defendant turned at from 60 to 70 and that such speed was much in excess of that at which a safe turn could be made. Human experience teaches such a turn in all probability would not be safe.

Plaintiff's evidence was sufficient and such the jury could properly draw an inference of recklessness.

III. Inasmuch as there must be a new trial, it is necessary to consider other matters urged and argued by the parties.

 On cross-examination of one of the police officers, defendant asked the officer if he had prepared the accident report. On receiving an affirmative answer he asked if the officer stated the speed of defendant's car on the report as 30 to 35 miles per hour and received a "yes" answer. Plaintiff then sought to introduce the report in evidence. Defendant's objections thereto on the grounds the report contained immaterial matter and section 321.271, Code, 1962, were sustained. Plaintiff was allowed to inquire of the officer how he arrived at the speed put in the report and he testified it was stated to him by defendant. In this manner defendant has his self-serving declaration as to speed in evidence.

Plaintiff again offered the accident report in evidence as proof of the arrest of defendant for violation of section 321.285, Code, 1962. His stated purpose was to connect up evidence of defendant's plea of guilty to such charge. Again the objection was sustained.

Section 321.271, Code, 1962, in part provides: "All accident reports shall be in writing and the written report shall be without prejudice to the individual so reporting and shall be for the confidential use of the department, * * *. A written report filed with the department shall not be admissible in or used in evidence in any civil case arising out of the facts on which the report is based."

Section 321.266, Code, 1962, requires written report of this type of accident be forwarded to the motor-vehicle department. Section 321.274, Code, 1962, requires as to accidents occurring in a city like Davenport of 15,000 or more population, "the accident and all information in connection therewith, as required in

this chapter, shall be reported at the office of the chief of police
* * *."

Plaintiff urges because the report in question was filed at the police station section 321.271 is not applicable. If this were true, we would have a situation where reports to the department, and reports in cities or towns which had adopted an ordinance pursuant to section 321.273 would not be admissible, but in cities of 15,000 or more population the same information filed with the department would be admissible in a civil action. We do not believe the legislature intended such an inconsistent result, the wording and arrangement of the statute do not require it. Such reports are subject to the prohibition of section 321.271.

We held in Sprague v. Brodus, 245 Iowa 90, 97, 60 N.W.2d 850, and Ehrhardt v. Ruan Transport Corporation, 245 Iowa 193, 203, 61 N.W.2d 696, the prohibition of the statute is not for the benefit of the individual reporting alone but for the public at large and cannot be waived by any course of conduct short of failing to object when accident report testimony is offered. The prohibition of the use of the report in evidence is available to one not a party to the report. Sprague v. Brodus, supra, at pages 95, 96 of 245 Iowa, page 854 of 60 N.W.2d. Plaintiff could have successfully objected to the officer's testimony if he so desired.

In this case the trial court properly gave plaintiff the full benefit of section 622.19, Code, 1962 ,"When part of * * * conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other;" in allowing him to determine the source of the officer's knowledge of defendant's speed. See Kuhn v. Kjose, 216 Iowa 36, 38, 39, 248 N.W. 230. The subject of the officer's testimony was defendant's speed, not his arrest for such speeding.

Defendant's use of the accident report testimony did not waive the statute, except as permitted by section 622.19. Defendant's objection to the report was properly sustained.

Plaintiff sought to show defendant's plea of guilty to a charge of violating section 321.285, Code, 1962, a speed statute, by the introduction of a certified copy of the record of conviction in lieu of calling the presiding judge of the Municipal Court.

Defendant objected thereto based on section 321.489, Code, 1962, "No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action.", and because of Tucker v. Heaverlo, 249 Iowa 197, 205, 206, 86 N.W.2d 353. Defendant argues because Tucker holds a plea of guilty to reckless driving, section 321.283, Code, 1962, is not admissible to show recklessness in a civil guest case, section 321.494, Code, 1962, it follows a plea of guilty to speeding which at best is only negligence is not admissible to prove recklessness. We decided the proposition based on section 321.489 in Book v. Datema, 256 Iowa 1330, 131 N.W.2d 470, November 17, 1964, shortly after the present case was decided in the trial court. We there held the record of conviction was not admissible to prove the guilty plea because of section 321.489, but all other evidence, oral or written, of such guilty plea is admissible to prove a relevant admission against interest.

The second proposition of defendant is false, because in this particular Tucker was wrongly decided and to such extent is hereby overruled. It is apparent that criminal recklessness under section 321.283, Code, 1962, and "guest statute" recklessness as defined by us, see Division II, supra, are not identical but it does not follow the conduct admitted by a plea of guilty to section 321.283 is not admissible as an admission against interest. Whether the plea is to reckless driving, section 321.283, or to speeding, section 321.285, it admits conduct that is admissible to show one or more of the elements or pieces of evidence relevant and material to proof of recklessness under the guest statute.

It is merely the defendant's admission that he was speeding, and is admissible for the same purpose as the testimony of an observer of defendant's speed.

The plea is in no way conclusive in a civil action, it is an admission against interest and may be explained. Boyle v. Bornholtz, 224 Iowa 90, 99, 100, 275 N.W. 479.

Plaintiff was asked on direct examination if defendant made any statement that he was going to turn at Fairmount Street. An objection thereto as being immaterial was sustained. This was error. Any statement or lack thereof relative to de-

fendant's intentions in the operation of his car is admissible to show his state of mind. Wigmore's Code of Evidence, Article 2, section 1725, page 321; and Goodale v. Murray, 227 Iowa 843, 859, 289 N.W. 450, 457, 458, 126 A. L. R. 1121.

For the error in directing the verdict as pointed out in Division II the case is reversed and remanded for trial.—Reversed and remanded.

All JUSTICES concur except JUSTICE RAWLINGS, who concurs specially.

RAWLINGS, J.—I concur in the result, but cannot agree with the construction which has heretofore been and is now being given section 321.489, Code, 1962. In Hackett v. Freeman & Graves, 103 Iowa 296, 299, 72 N.W. 528, we said:

"The word 'conviction', as applied to criminal offenses, has different meanings. A man may be self-convicted by confession, or he may be convicted by the verdict of a jury before judgment. Thus, in Commonwealth v. Lockwood, 109 Mass. 325, it is said: 'The ordinary legal meaning of "conviction", when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt, while "judgment" or "sentence" is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained.' "

In other words a "conviction" is had either by entry of a plea of guilty or when a guilty verdict is returned. To me section 321.489 says what it means and means what it says. With this in mind I would follow what is to me the more realistic rule set forth in Warren v. Marsh, 215 Minn. 615, 11 N.W.2d 528. See also Ripple v. Brack, 132 Colo. 125, 286 P.2d 625; Utah Farm Bureau Ins. Co. v. Chugg, 6 Utah2d 399, 315 P.2d 277; Jones v. Talbot, 87 Idaho 498, 394 P.2d 316, and 31A C. J. S., Evidence, section 300(b), page 769.