EMIL WILDE, Appellant, v. HENRY GRIFFEL et al., Appellees.

No. 41402.

JUNE 24, 1932.

Charles E. Pendleton, for appellant.

Whitney, Whitney & Stern, for appellees.

DE GRAFF, J.—The plaintiff (appellant) Emil Wilde is the father of a minor, Henry Wilde, 18 years old, who was injured in an automobile accident at about 11:30 P.M. on the 21st day of March, 1931. The automobile was operated by the defendant-appellee Albert Griffel, on a public highway in Buena Vista County. The car, a Ford Model A, was owned by the defendant Henry Griffel, father of Albert. In said car at said time and place were companions of the defendant Albert Griffel, including his brother and sister and one Albert Beckfield.

This action is predicated on Section 5026-b1, Code, 1927. The answer of the defendants was in effect a general denial. Upon the conclusion of all the testimony, the trial court sustained a directed verdict for the defendants. The correctness of this ruling is the only proposition involved on this appeal, and in the appellant's brief under the caption ''Errors relied upon for a reversal'' it is said:

''The only point relied on for the reversal of this case by the appellant is that the court erred in sustaining the motion for a directed verdict on the ground that there was no recklessness shown on the part of the appellees that would entitle a verdict to stand if one were returned in favor of the plaintiff.''

It may be well to point out specifically the topography of the situation at the time of the accident. The highway in question met an intersecting east and west highway at right angles, and the north-south highway did not continue south of the intersection with the east-west road. Due to the failure of Albert Griffel, the driver, to make a turn either to the east or west the accident occurred, by the car's running into the ditch on the south side of the intersection.

The plaintiff's petition is bottomed on the ground of recklessness in that the car was being operated at a high and dangerous rate of speed. The only witness who testified as to how the accident happened was plaintiff's son, Henry Wilde. His testimony is undisputed that the car was being operated between 30 and 35 miles per hour. The accident in question occurred on a graveled highway, and the car was travelling in a southerly di-

rection. The other grounds of recklessness were substantially that the defendant-driver, Albert Griffel, failed to slow down, failed to have the car under control, and failed to keep a proper lookout for the end or turn of the north-south highway. The record discloses that the plaintiff's son, Henry Wilde, was sitting in the front seat of the Griffel car and beside the driver, Albert Griffel. We deem it important to set out the cross-examination of Henry Wilde:

"Q. You saw that the road didn't turn before you came to it, didn't you, Henry? A. Yes. Q. How far back? A. Not over a hundred feet. Q. Did you call the driver's attention to it? A. No. Q. You didn't say anything about it? A. I didn't have no chance. Q. The truth of the matter is, Henry, you were so close to where the road ended when you saw it you didn't have time to speak, did you? A. That is right. Q. Whether it was ten feet, fifty feet, or one hundred feet you don't know, do you? A. No. Q. But after you observed that the road stopped going south and it turned east and it turned west you were so close you didn't have time to say 'Albert, we turn,' did you? A. Yes. Q. You didn't have time to say that before you went off the embankment? A. No. Q. So you didn't observe the road ahead in time to tell him about slowing up the car, did you? A. No. Q. Albert was looking and you were looking in the same direction, weren't you? A. Yes. Q. And the other boy in the front seat was looking in the same direction? A. He was. Q. You weren't scuffling in there? A. No. Q. Everybody was tending to his own business? A. Yes. Q. And he [Albert Griffel] was driving very carefully, wasn't he? A. Yes."

It is undisputed that the occupants of the car did not discover the corner until they were within a short distance of it. It is undisputed that they were within 100 feet or less from the corner when it was discovered, and that the plaintiff's son, Henry Wilde, had no time to warn the driver in order to avoid the accident after becoming aware of the corner. From the point of the discovered danger there is no evidence of what occurred, except that the car failed to make the turn. There is no record evidence that the car was in any way defective or that the lights and the brakes on the automobile were not operating properly, nor is there evidence to prove that the driver did not do every-

thing in his power to avoid the accident. The burden of proof was upon the plaintiff (appellant) to prove that the driver of the car (Albert Griffel) was guilty of recklessness.

In an action by a guest, as in the instant case, under Section 5026-b1, the guest must allege and prove the "reckless operation" of the motor vehicle or the intoxication of the driver, and in order that the conduct of the driver be classified as reckless within the meaning of the foregoing section of the Code, it must be such as to manifest a heedless disregard or indifference to the rights of others; and it means more than negligence. It is said in the opinion of this court in Neessen v. Armstrong, 213 Iowa 378, l. c. 383:

"This action is founded upon recklessness, which means more than negligence. It means proceeding without heed of, or concern for, consequences. See Siesseger v. Puth, 213 Iowa 164. In order for conduct to be reckless within the meaning of the law, it must be such as to manifest a heedless disregard for or indifference to the rights of others. We find nothing in the record hereinbefore set out which evinces a heedless disregard of the rights of Neessen, who was seated by the side of the driver. We do not think it could reasonably be said from the evidence that the defendant's conduct, though negligent it may have been, was such a heedless disregard of the rights of Neessen as to justify a verdict in favor of the administratrix. (Citing cases.) * * * The mind is prone to look upon the result, but, unless the acts of the defendant would have been reckless within the meaning of the law without the resulting injury to Neessen, they are not reckless merely because Neessen lost his life. * * * In order for the guest to recover, he must establish one of two things, to wit: intoxication of the driver or reckless operation by him of the automobile. It is quite clear to us that the plaintiff has not made out a case * * *."

The evidence must disclose something from which recklessness could be legitimately inferred, and as the trial court said in his finding:

"If the only thing you can infer from the evidence is negligence, then the court should not submit the question to the jury. * * * It seems to me as if this statute, if it means what it says, means that the plaintiff must show some act as would be pro-

nounced by every person as an utter indifference to the safety of the guest in his car. Here, we have no intimation that the driver didn't do everything he could to stop, no evidence at all on that question as to what he did.''

We conclude from a study of the entire record that the trial court ruled correctly in sustaining the defendant's motion for a directed verdict.—Affirmed.

WAGNER, C. J., and STEVENS, ALBERT, EVANS, GRIMM, and KINDIG, JJ., concur.