Ella Peter, Appellant, v. Leslie Thomas, Appellee.

No. 45779.

March 10, 1942.

Carl D. Foster and Leming & Hobson, for appellant.

James E. Coonley and Senneff & Duncan, for appellee.

Miller, J.—The accident out of which this action arises occurred in the early morning of February 27, 1940. Plaintiff, with defendant's wife and niece, was riding in an auto-

mobile owned and operated by defendant, defendant and his wife occupying the front seat, plaintiff and the niece occupying the rear seat. While they were proceeding east on highway 18, approaching Emmetsburg, Iowa, the car suddenly skidded on icy pavement, turned around, went into ‘the ditch, injuring plaintiff. The highway was straight, paved, substantially level. Plaintiff testified that the speed was 40 to 50 miles per hour. No complaint was made by anyone as to the rate of speed. The visibility was good. There is a dispute on the question whether the icy condition of the pavement was readily discernible. None of the occupants of the car testified to any apprehension of danger. The cause was submitted to a jury that returned a verdict for the defendant. Plaintiff appeals. The only errors assigned relate to the court's instructions to the jury.

Plaintiff requested the court to give the following instruction:

"You are instructed in order to be reckless in the instant case the driver must have had knowledge of the hazard or peril which in this case is the icy condition of the highway, *or in the exercise of reasonable and ordinary care, he should have acquired such knowledge of the icy condition of the highway, and appreciated the hazard and danger* which existed because of the icy condition of the road, but acted in entire disregard of the existing danger and proceeded without heed of or concern for consequences." (Italics supplied.)

The foregoing instruction was refused. In instruction 7 the court stated:

"You are instructed that the word 'reckless' within the meaning of the law, and as used in these instructions, means proceeding without heed of, or concern for, consequences. To be reckless one must be more than negligent.

"By 'negligence' is meant the failure to exercise ordinary care, and by 'ordinary care' is meant such care as a reasonably prudent and cautious person would exercise under the same or like circumstances.

"Recklessness, on the other hand, implies no care; that is, an absence of all care coupled with a disregard of consequences.

As applied to the operation of an automobile, recklessness, within the meaning of the statute, signifies an absence of all care, coupled with such a state of mind of the driver that he disregards the consequences which are obvious and apparent and which would naturally follow from his act, or failure to act.

"You are further instructed that conduct arising from momentary thoughtlessness, inadvertence, or from an error of judgment, does not indicate a reckless disregard of the rights of others and does not constitute recklessness within the meaning of the law.

"In determining whether the Defendant was guilty of recklessness in any or all of the respects charged in the petition, the jury should keep in mind the meaning of this term as defined to you in this instruction."

In instruction 8, the court stated:

"In determining this question you should take into consideration all the conditions and circumstances existing at the time and place in question so far as shown by the evidence, such as the condition of the highway, whether icy and slippery as charged in the petition, and if so, the extent of its condition in that respect; the time of day, as to its being light or dark; whether or not Defendant's visibility was obscured by the weather conditions as well as the darkness of the night; to what extent, if any, the light from Defendant's car, or the light of any car or cars approaching Defendant's car from the opposite direction at or near the place of the accident lighted up the highway and revealed the condition thereof; the speed at which he was traveling at the time in question; and all other circumstances and conditions, if any are shown, that throw any light on this question, and it is then for you, the jury, to determine whether he was guilty of recklessness in any of the respects as charged in the petition."

In instruction 9, the court stated:

"The fact, if it be the fact, that the pavement in question was icy and slippery and that Defendant was driving at a high and excessive rate of speed and failed to reduce his speed when he approached the place of the accident, as charged in

the petition, would not, if nothing further is shown, constitute recklessness within the meaning of the law; but it must be further shown by a preponderance of the evidence that the danger, if there was such, under the conditions and circumstances existing at the time, so far as shown by the evidence, was such as to indicate that Defendant acted, or failed to act, in one or more of the respects charged, without heed of, or concern for, consequences; that he exercised no care, but acted with a heedless disregard for or indifference to the rights and safety of the Plaintiff and others riding in said car, including himself.''

In instruction 10, the court stated:

''You are further instructed that the fact, if it be the fact, the highway along which Defendant was traveling at the time of the accident was icy and slippery, and that the rate of speed at which he was traveling at said time and place was excessive and dangerous because of said icy condition, yet the Defendant could not be deemed guilty of recklessness unless it is further shown that the danger and peril, if there was such, was obvious and apparent *and was known to him,* and that he acted in entire disregard of the existing danger and proceeded without heed of, or concern for, consequences.'' (Italics supplied.)

In the first two assignments of error the plaintiff complains of the refusal to give her requested instruction and the giving of instruction 10, the complaint being that the action of the court placed upon plaintiff the burden of proving defendant's actual knowledge of danger or peril. She relies upon language of this court appearing in Wright v. What Cheer Clay Prod. Co., 221 Iowa 1292, 267 N. W. 92; White v. Center, 218 Iowa 1027, 254 N. W. 90; Roberts v. Koons, 230 Iowa 92, 296 N. W. 811; Mescher v. Brogan, 223 Iowa 573, 272 N. W. 645.

In Wright v. What Cheer Clay Prod. Co., supra, this court states (221 Iowa at page 1302, 267 N. W. at page 97) as follows:

''In order to be reckless in the instant case, the driver must have had knowledge of the hazard or peril, or in the ex-

ercise of reasonable and ordinary care she should have acquired such knowledge, and appreciated that hazard and danger existed, but acted in entire disregard of the existing danger, and proceeded without heed of or concern for consequences without any care whatever, then she could be said to be guilty of recklessness, but such is not the record in this case. * * * There is no evidence of recklessness sufficient to warrant a submission of the case to the jury. Indeed, it would be a serious question, if it were presented here, as to whether or not the record even shows negligence on the part of the driver of the car.''

In White v. Center, supra, we state (218 Iowa at pages 1032 and 1033, 254 N. W. at page 92) as follows:

'' * * * we think the evidence tends to establish and that a jury might find therefrom, that at the time of the collision appellees' automobile was traveling at the rate of 70 miles per hour; that while traveling at this rate it struck the rear end of the wagon a sufficiently direct and violent blow to drive the wagon forward, break the hold-back straps on the harness and pile the wreckage of the wagon up on the team; that it was sufficiently light at the time that other witnesses saw this wagon from a distance of one-half to one-quarter of a mile and that the driver of appellees' car also could and would have seen this wagon for at least a quarter of a mile if he had been looking; * * * .

''Under the evidence presented in this case, we think a jury might reasonably infer that, if the driver of the automobile used any care whatever in keeping a lookout ahead, he must have seen the wagon when he was a sufficient distance away from it that he could have easily slowed down or turned out and thus have avoided hitting it. If he did not see this wagon, which the evidence shows was visible for at least a quarter of a mile, he was certainly guilty of recklessness in using no care whatever; * * * .''

In Roberts v. Koons, supra, we state (230 Iowa at pages 97 and 98, 296 N. W. at page 814) as follows:

''To constitute recklessness under the guest statute, conduct must be more than negligent and must be such as to mani-

fest a heedless disregard for, or indifference to, the rights of others or an indifference to or heedless disregard for consequences. It need not involve moral turpitude nor wanton and wilful conduct. The test is the acts and omissions of the driver. See Fraser v. Brannigan, 228 Iowa 572, 293 N. W. 50, and other authorities there discussed.

"Appellant's failure to observe the truck before the snow flurry and when the Ford was some distance from it and not in a zone of danger was not in itself recklessness. Nor was it necessarily negligence. We do not here have the situation of one driving into a known or a continuously visible obstruction, or of a peril which was a permanent and inherent characteristic of the highway, or of a known or visible or probable (as distinguished from possible) danger to or from other vehicles during the relatively short distance traveled by the car in passing through each flurry."

In Mescher v. Brogan, supra, we state (223 Iowa at pages 578, 579, and 581, 272 N. W. at page 648) as follows:

"There is nothing in the testimony to indicate that the driver did not exercise all the care possible to avoid injury after he discovered the corner or turn in the road. In other words, there is no evidence of recklessness, or even want of care, in the operation of the car from the moment the defendant discovered that he could not make the turn in safety. The recklessness, if any, consists in the high rate of speed at night with visibility limited, coupled with his apparent attitude of indifference to consequences and to the rights of the other occupants of the car, most of whom, according to the evidence, were plainly indicating that they were frightened at the speed he was traveling at night over a graveled highway, which was not marked, when the driver knew, or in the exercise of ordinary care should have known, that he might come upon a turn or sudden curve in the road. We think the evidence presents a case, not of one driving in the face of apparent danger, but a danger reasonably to be anticipated by a person exercising ordinary prudence and caution under the circumstances, and that under all the facts and circumstances, it was for the jury to determine, and not a case presenting facts upon which minds

of reasonable men might not differ as to whether the conduct of the defendant came within the definition of recklessness, as defined by this court, as hereinbefore set forth. * * *

"In this case the defendant driver showed a mental attitude of indifference to consequences as evidenced by his flippant response to the earnest and serious solicitation of his companions to lessen his speed, and while he was not obliged to gauge the speed of his car to suit the fancy or whim of a nervous, irritable passenger, the nervousness and fear of the passengers in this instance proved to be well-founded, and had he not been indifferent to, and heedless of, their reasonable protests, the catastrophe might have been averted."

The authorities upon which plaintiff relies do not sustain her contention. In two of the cases we found no evidence of recklessness. In the other two cases the record was far different from that now before us. The record herein is not sufficient to come within the rule announced in White v. Center, supra, where the danger was so obvious that it must have been known and appreciated in the exercise of any care whatever. We cannot say that failure to exercise sufficient care to see and appreciate the danger was of itself evidence of the absence of all care, and, therefore, reckless disregard for consequences. Neither does the record herein come within the rule applied in Mescher v. Brogan, supra, where the recklessness consisted of indifference to protests of other occupants of the car who were justifiably alarmed over the actions of the driver and made reasonable protests in regard thereto.

Here there was no apprehension on the part of any occupant of the defendant's car that there was any danger present. No protest was made. No reason for a protest is asserted. Under such circumstances, if danger was present, before we could say that defendant was reckless, we would have to say that the danger was sufficiently obvious and apparent that the jury was warranted in concluding from the whole record that defendant knew of it and proceeded without heed of the consequences. That is what the court's instructions say.

The third and final assignment of error complains of that part of instruction 7, above quoted, wherein the court told the jury, "As applied to the operation of an automobile, reck-

lessness, within the meaning of the statute, signifies an absence of all care, coupled with such a state of mind of the driver that he disregards the consequences which are obvious and apparent and which would naturally follow from his act, or failure to act.'' Complaint is made of the reference to ''a state of mind of the driver.'' We find no merit in the contention.

In the case of Paulson v. Hanson, 226 Iowa 858, 863, 285 N. W. 189, 192, we state:

''We think our court has held to the true rule heretofore that to constitute recklessness there must be shown a conscious disregard of the rights of others, and we are inclined to the view that under the evidence, in its most favorable light to the plaintiff, there would not be a conscious or willful disregard of consequences or the rights of others to reach the degree of recklessness required under the statute.''

The instruction here challenged is in accord with the rule announced in the above quotation.

By reason of the foregoing, the judgment is affirmed.— Affirmed.

GARFIELD, MITCHELL, SAGER, HALE, and WENNERSTRUM, JJ., concur.

OLIVER, J., concurs specially.

BLISS, C. J., takes no part.

OLIVER, J. (specially concurring)—I agree with the foregoing decision, with the exception of the approval of the language used in instruction 10 ''and was known to him.'' However, I do not think the use of said language constituted reversible error.