JOE FRITZ, appellant, v. GERALD WOHLER, appellee.

No. 48961.

(Reported in 78 N.W.2d 27)

July 26, 1956.

Mason & Stone, of Mason City, for appellant.

Westfall, Laird & Burington, of Mason City, for appellee.

PETERSON, J.—On April 26, 1950, at about 12:30 p.m., defendant left his home north of Mason City in his practically new Mercury automobile to drive to Iowa Falls. Plaintiff was a guest. They traveled south on U. S. Highway 65, which is a straight paved highway from Mason City to Hampton. The only testimony in the case is the evidence of plaintiff and defendant. Plaintiff testified they drove 70 to 80 miles per hour. Defendant testified they traveled 70 miles per hour. The sunshine in the middle of the day had caused some thawing, and plaintiff testified water seeped out from cracks in the road and there was some wet paving. Defendant testified the paving was dry. At one point in the roadway there was a truck ahead of them, which was flashing its rear lights. Plaintiff called defendant's attention to this and suggested he better slow down. Defendant stated he noticed the flashing and drove around the truck. This was the only time and place plaintiff raised any question about the speed in the 25 miles of travel before the accident. About three miles before reaching Hampton they approached two or three hills. They drove over one hill, and immediately after reaching the crest of the next hill defendant's right wheels ran over the slanting curb and onto the shoulder. The thawing had caused the shoulder to become wet and somewhat slippery and although defendant immediately put on the brakes they would not hold. He tried to bring the car back off the shoulder, but was unable to do so. As he reached the bottom of the hill, a distance of about 300 feet, he was still going 40 miles per hour. The car ran into a ravine about 12 feet deep and both parties received personal injuries. At the close of all testimony defendant's attorneys filed motion for directed verdict, which was sustained by the trial court. Plaintiff appealed.

I. We are again confronted with interpretation of section 321.494 of the Code, known as guest statute, as applied to facts involved herein. Since 1927, when the guest statute was adopted by the legislature, this court has decided more than 40 reckless-driving cases. A review of all cases is not necessary. The early case was Siesseger v. Puth, 1931, 213 Iowa 164, 239 N.W. 46. A few recent cases are Nehring v. Smith, 1952, 243 Iowa 225, 49 N.W.2d 831; Christensen v. Sheldon, 1954, 245 Iowa 674, 63 N.W.2d 892; Whiting v. Stephas, 1956, 247 Iowa 473, 74 N.W.2d 228; Nesci v. Willey, 1956, 247 Iowa 621, 75 N.W.2d 257; Goodman v. Gonse, 1956, 247 Iowa 1091, 76 N.W.2d 873.

In the cases considered, certain principles have been enunciated as to the question of submitting the case to the jury. The necessity for this arises because oftentimes it is hard to distinguish between negligence and recklessness. The guest statute was adopted by the legislature for the purpose of eliminating negligence in guest cases. An exception was provided in case of recklessness. It became necessary for the court to define recklessness. We believe it is advisable to incorporate in this decision the three definitive principles as to recklessness which have been approved. There is one which appears in nearly all cases where this court has held that the evidence did not justify submission to the jury. That is the condition which was first stated in Siesseger v. Puth, supra, which, in substance, is "no care, coupled with disregard for consequences." The second general principle is there must be evidence that defendant had actual knowledge of an existing danger, or there was a danger so obvious that he should be cognizant of it, and proceeded without any heed of or concern for the consequences. Peter v. Thomas, 231 Iowa 985, 988, 2 N.W.2d 643, 645; Russell v. Turner, 56 F. Supp. 455; Schneider v. Parish, 242 Iowa 1147, 49 N.W.2d 535. The third principle is that the consequences of the actions of the driver are such that the occurrence of the catastrophe is a probability rather than a possibility. Fraser v. Brannigan, 228 Iowa 572, 293 N.W. 50; Mescher v. Brogan, 223 Iowa 573, 272 N.W. 645; White v. Center, 218 Iowa 1027, 254 N.W. 90; Russell v. Turner, supra.

II. In considering the cases of dismissal by the court

we have often held the evidence must be considered in the light most favorable to plaintiff. Hahn v. Strubel, 243 Iowa 438, 52 N.W.2d 28; Baker v. Langan, 165 Iowa 346, 359, 145 N.W. 513, 518; Odegard v. Gregerson, 234 Iowa 325, 12 N.W.2d 559; Degelau v. Wight, 114 Iowa 52, 86 N.W. 36; Thompson v. Cudahy Packing Co., 171 Iowa 579, 581, 151 N.W. 470, 471; Comfort v. Continental Casualty Co., 239 Iowa 1206, 1208, 34 N.W.2d 588, 589. However, plaintiff must carry the burden of proof. Hebert v. Allen, 241 Iowa 684, 41 N.W.2d 240.

III. We have generally held that speed alone cannot be considered reckless driving. Scott v. Hansen, 228 Iowa 37, 289 N.W. 710; McDonald v. Dodge, 231 Iowa 325, 1 N.W.2d 280; Mayer v. Sheetz, 223 Iowa 582, 273 N.W. 138; Brown v. Martin, 216 Iowa 1272, 248 N.W. 368. In Russell v. Turner, supra, Judge Graven carefully analyzed all our cases on reckless driving, and said at pages 460, 461 of 56 F. Supp.:

"A high rate of speed alone does not make a case for the jury under the guest statute; there must be other material facts and circumstances combined with speed before there is an issue for the jury on the question of recklessness. Mayer v. Sheetz, 1937, 223 Iowa 582, 273 N.W. 138. In the cases of McDonald v. Dodge, 1941, 231 Iowa 325, 1 N.W.2d 280, and Scott v. Hansen, 1940, 228 Iowa 37, 289 N.W. 710, speeds of 80 miles an hour were held insufficient to make a case of recklessness for the jury. While it would seem that there would be some rate of speed which in itself alone would show recklessness, yet if there is, it is some speed beyond 80 miles an hour."

We have relaxed this rule somewhat in Anderson v. Elliott, 244 Iowa 670, 57 N.W.2d 792; and in Wright v. Mahaffa, 222 Iowa 872, 877, 270 N.W. 402, 405, where we said: "It is contended that speed alone cannot constitute recklessness. While this may be true, it can hardly be said that speed under any and all circumstances cannot become recklessness." In Skalla v. Daeges, 234 Iowa 1260, 15 N.W.2d 638, defendant was driving 90 to 100 miles per hour. Under the instructions of the trial court, and our approval thereof, the element of such excessive speed was a very important factor as to recklessness.

IV. In many cases we have decided there may be attendant circumstances, which, with speed, create a situation where the case should be submitted to the jury. Wright v. Mahaffa, Anderson v. Elliott and Whiting v. Stephas, all supra. This makes it necessary that we consider the speed, and such attendant circumstances as are present in this case, in order to decide whether or not a jury question is present. The speed was 70 to 80 miles an hour. Ten years ago that was considered excessive speed. It may be unfortunate, but today with our strong, low-slung cars, it has become common practice. This does not constitute an approval of the practice, but we are considering reckless driving, and this speed alone cannot in this day be considered controlling. There were attendant circumstances. As claimed by plaintiff, they were: water seeping out of cracks in the road, a soft shoulder adjoining the road, and the fact that defendant had to drive over some hills at the point of accident. The seeping water had nothing to do with the accident; the soft shoulder and the necessity of driving over a hill had some bearing on the occurrence. Immediately after passing over the crest of a hill, and' on a slanting curb, defendant's right wheels ran off on the shoulder. This is common occurrence in driving. He tried to pull his car back on the paving. This is a natural, almost unconscious procedure. He was unable to do so, presumably because of the soft shoulder. He put on his brakes, but again because of soft shoulder they would not hold and the car ran to the bottom of the hill and into a ditch. There is little substantial conflict in the evidence as to these occurrences. If he is to be charged with delinquency in getting on the shoulder in the first instance that is in the realm of negligence; not recklessness. There may have been inadvertence or error in judgment in getting over on the shoulder, but nothing more. This point is clearly stated in Petersen v. Detwiller, 218 Iowa 418, 421, 255 N.W. 529, 530: "It must be concluded that conduct showing a reckless disregard of the rights of others is entirely distinct from mere negligent conduct. 'Recklessness' is conduct which * * * must not be confused with conduct arising from inadvertence or error in judgment."

The situation is not one where he had knowledge of danger,

nor was it so obvious that he should have been cognizant of it. The fact that a catastrophe might occur was not more probable than possible. There was not present any action on part of defendant of "no care, coupled with disregard for consequences." The question is whether the speed and circumstances and defendant's actions in connection with them constituted recklessness as we have many times defined it. We agree with the trial court it did not.

V. There are no two cases exactly alike. This case has different facts from all previous cases. The closest case is Scott v. Hansen, supra. Defendant was driving his car down a hill at the rate of 75 to 80 miles an hour. He saw some cattle being driven across the road in the distance and applied his brakes. According to the skid marks he ran 354 feet and struck a cow and the accident and injuries resulted. The court said at page 46 of 228 Iowa, page 714 of 289 N.W.:

"In the instant case the brakes were applied 354 feet east of the place of danger, although it is true the car was descending a slope. * * * Though it may appear in the picture depicted in plaintiff's specification of reckless operation, in the event itself, reconstructed from what must be accepted from the record, we are unable to discover that on which could be planted a finding that recklessness rather than poor judgment characterized the failure to apply the brakes at a greater distance from the cows."

Counsel for plaintiff urge defendant should not have driven to the crest of the hill at the rate he was going, in view of what he might find on the other side of the hill. As in the above case "we are unable to discover that on which could be planted a finding" of recklessness rather than poor judgment.

VI. Throughout the 25 years of deciding reckless-driving cases we have consistently based the question of submission to the jury on a foundation of similar principles of law. We quote from the first decision rendered in 1931 and from one of our two recent decisions rendered in 1956. In Siesseger v. Puth, supra, we said at page 182 of 213 Iowa:

"In light of the circumstances under which said chapter 119 was passed, it is apparent, we think that the Legislature intended

the word 'reckless' therein to mean 'proceeding without heed of or concern for consequences.' To be 'reckless,' one must be more than 'negligent.' Recklessness may include 'wilfulness' or 'wantonness,' but if the conduct is more than negligent, it may be 'reckless' without being 'wilful' or 'wanton,' but to be reckless in contemplation of the statute under consideration, one must be more than negligent. Recklessness implies 'no care, coupled with disregard for consequences.' "

In the recent decision of Nesci v. Willey, supra, we said at page 624 of 247 Iowa, page 259 of 75 N.W.2d:

▉ "To constitute recklessness under the guest statute, conduct must be more than negligent and must manifest a heedless disregard for or indifference to the consequences or the rights or safety of others. It, of course, need not involve moral turpitude or wanton and willful misconduct. Harvey v. Clark, supra [232 Iowa 729, 6 N.W.2d 144, 143 A. L. R. 1141]. There must be an awareness, actual or constructive, of the unusual danger presented by the circumstances, and also a manifestation of 'no care.' Schneider v. Parish, supra [242 Iowa 1147, 49 N.W.2d 535]. We have frequently and consistently held that conduct arising from mere inadvertence, thoughtlessness or error in judgment is not reckless. Harvey v. Clark, Olson v. Hodges [236 Iowa 612, 19 N.W.2d 676] and Schneider v. Parish, all supra, and cases cited therein."

VII. Counsel for appellant cite only five cases in support of their contention that the trial court should have submitted the case to the jury. They can all be clearly distinguished from the case at bar. In Whiting v. Stephas, supra, the driver approached a curve at high speed with three warning signs, none of which was heeded by him. He did not follow the curve in the road and kept driving straight ahead and drove his car up the girder of a bridge. In Anderson v. Elliott, supra, we find a similar situation with reference to warning signs on the road as to a curve and failure of the driver to heed the signs and make the curve, with consequent disastrous effects. Thornbury v. Maley, 242 Iowa 70, 74, 45 N.W.2d 576, is a similar case where

1046

the driver was driving at a high rate of speed and came to a very sharp curve in the road. There was a clear road sign indicating the turn, but he disregarded it and failed to follow the turn, left the highway, struck some trees and both the driver and his guest lost their lives. In Hahn v. Strubel, supra, the court listed a large number of actions of defendant, which indicated heedless disregard for the rights of his guest and then stated at page 448 of 243 Iowa, page 33 of 52 N.W.2d:

"Taking into consideration the above matters, and others in the record bearing thereon, we think a jury would be warranted in concluding that at and prior to the accident the defendant was operating his automobile in heedless disregard for or indifference to dangerous conditions, hazards or perils known to him, or which in the exercise of reasonable care should have been known to him, without care for the rights or safety of others."

In Skalla v. Daeges, supra, defendant admitted that he was driving 90 to 100 miles per hour. He was driving on a roadway well known to him and toward a bridge with which he was familiar. It was nighttime, but his lights were on and the evidence established that they shone 150 feet ahead. The pavement was dry and it was a clear night. There were reflector signs on the bridge. His eyesight was good. His car hit the bridge steel railing, resulting in serious injuries to plaintiff. The court submitted the case to the jury on the question of his driving without any heed as to the safety of his guest.

From this brief statement as to each of the above cases it clearly appears the facts are not sufficiently similar to sustain a basis for reversal of this case.

The ruling of the trial court sustaining the motion for directed verdict in favor of defendant is approved, and the judgment rendered thereon is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., who takes no part.