NANCY SCHMITT, appellant, v. STANLEY CUTKOMP, appellee.

No. 49125.

(Reported in 81 N.W.2d 662)

MARCH 5, 1957.

A. J. Wassom, of Burlington, for appellant.

Hirsch, Riepe & Wright, of Burlington, for appellee.

PETERSON, J.—Both parties are residents of Burlington. In December 1953 defendant asked plaintiff for a New Year's evening date. She accepted. He did not get through with his day's work until about 9:30, when he stopped at plaintiff's home to advise her he would have to go home and get dressed for the date. He did not return until 11:45. He took her in his automobile to the C.I.O. Club. They stayed about an hour. Each had one bottle of beer. When defendant suggested they leave, he wanted to go to another place across the river, but plaintiff insisted on going home. There was no cordiality between them. She was provoked because he was late for the date, and he was provoked because she would not go with him to another club. In taking her home he drove up Third Street. The street was paved and

was 40 feet in width between curbs. They passed High Street, which intersects Third Street, and were proceeding north, and up a hill. Defendant was driving somewhat close to the right curb. Plaintiff noticed a car parked along the curb about 150 feet ahead and she told him "there is a car ahead of us; * * * look out." He answered "Oh, so what!" The testimony of plaintiff is he was driving from 30 to 40 miles an hour, and on cross-examination she said he was driving "not too fast" and "not too slow." As he approached the parked car he turned left to drive around it, but failed to turn quickly enough and hit the left rear corner of the car with the right front corner of his car. In the collision the two cars became entangled. Defendant was not injured, although somewhat dazed. The impact was so sudden, and of such force, that plaintiff's head struck the windshield and broke it, seriously cutting and permanently injuring her face.

At the close of plaintiff's evidence defendant filed motion for directed verdict which was sustained. She then filed motion for new trial which was overruled. Plaintiff appeals.

While appellant lists ten errors relied on for reversal she really only alleges two propositions: 1. When a verdict is directed the testimony must be considered by the trial court in the light most favorable to plaintiff. 2. Defendant was guilty of recklessness, and came under the exception in section 321.494, 1954 Code, as to liability.

I. This case again involves the above section. Since it was enacted by the Forty-second General Assembly in 1927, we have decided over forty cases involving the statute. The cases have been especially numerous in the last five years. This is not surprising in view of the astronomical increase in automobile travel miles during these years. The section eliminates liability of automobile drivers to their guests as to negligence. It excepts only intoxication and reckless driving.

II. The first proposition of appellant, that the facts must be construed in the light most favorable to plaintiff, needs no discussion. Appellee approves the principle, and the trial court specifically announced it as a part of its ruling on the motion for directed verdict. Baker v. Langan, 165 Iowa 346, 145 N.W. 513; Odegard v. Gregerson, 234 Iowa 325, 12 N.W.2d 559;

Comfort v. Continental Casualty Co., 239 Iowa 1206, 34 N.W.2d 588; Goodman v. Gonse, 247 Iowa 1091, 76 N.W.2d 873.

III. In considering whether or not reckless driving is present we are confronted with the situation that each case has a different state of facts. There are similarities which assist us in arriving at decisions, but never identical facts. It is not necessary to again analyze a large number of our decisions as to reckless driving. We find an exhaustive consideration of the subject in some of our late cases, and in Russell v. Turner, 56 F. Supp. 455. The following are recent guest cases in which we have held defendant was not guilty of reckless driving: Shenkle v. Mains, 216 Iowa 1324, 247 N.W. 635; Roberts v. Koons, 230 Iowa 92, 296 N.W. 811; Harvey, admr. v. Clark, 232 Iowa 729, 6 N.W.2d 144, 143 A. L. R. 1141; Tomasek v. Lynch, 233 Iowa 662, 10 N.W.2d 3; Long v. Pearce, 233 Iowa 1025, 10 N.W.2d 50; Schneider v. Parish, 242 Iowa 1147, 49 N.W.2d 535; Christensen v. Sheldon, 245 Iowa 674, 63 N.W.2d 892, 48 A. L. R.2d 522; Nesci v. Willey, 247 Iowa 621, 75 N.W.2d 257; Goodman v. Gonse, supra; Fritz v. Wohler, 247 Iowa 1039, 78 N.W.2d 27.

The Eighth Circuit Court of Appeals stated a fundamental rule in affirming Judge Graven in Russell v. Turner, 148 F.2d 562, 566, as follows: "Nonliability of a host-driver to a guest-passenger injured in an automobile accident is the rule in Iowa, and liability is the exception." In Shenkle v. Mains, supra, at page 1328 of 216 Iowa, page 637 of 247 N.W., we said: "The two grounds upon which recovery may be predicated [recklessness and intoxication] are exceptional and not general. The general rule is that a guest cannot recover."

We have consistently adhered to definitions of recklessness established in many cases, starting with our pioneer and foundation case of Siesseger v. Puth, 213 Iowa 164, 239 N.W. 46. In Fritz v. Wohler, supra, at page 1041 of 247 Iowa, page 28 of 78 N.W.2d, we outlined the three rules and definitions as to reckless driving announced in various decisions, with the thought of including all of them in one decision for ready reference. They are: "No care, coupled with disregard for consequences." "There must be evidence that defendant had actual knowledge of an existing danger, or there was a danger so obvious that he should be cognizant of it, and proceeded without any heed of or

concern for the consequences." "The consequences of the actions of the driver are such that the occurrence of the catastrophe is a probability rather than a possibility." We cannot liberalize our often repeated definitions of recklessness further than as above stated. If we do the result will be nullification of the clear intention of the legislature as enacted in section 321.494.

We will consider a few cases somewhat similar in facts, in that in each case the driver struck another motor vehicle, or a moving train. Shenkle v. Mains, Roberts v. Koons, Harvey, admr. v. Clark and Long v. Pearce, all supra.

In Shenkle v. Mains, supra, defendant was driving west on what is known as Lincoln Highway about four miles west of Marshalltown. He had passed over a hill when he met a car traveling east and just starting the ascent of the hill. The Mains car "sideswiped" the passing car and threw all three men, including plaintiff's decedent, out of the car. Injuries were inflicted upon Shenkle resulting in his death. As in the case at bar defendant struck another car. We held a case of negligence was presented, but not recklessness.

In Roberts v. Koons, supra, plaintiff's decedent was riding as a guest of defendant, Koons. They were driving north on primary highway No. 11. It was a dark night, the visibility was poor, and a northwest wind whipped sleet and snow into flurries. A Chevrolet truck was stopped partly on the east shoulder. Headlights and taillights were on, but no flares had been placed. The driver of the truck had just entered his cab to drive away when defendant's car struck the truck, and as a result of the collision plaintiff's decedent was killed. After careful consideration of previous decisions we held defendant was not guilty of reckless driving.

In Harvey, admr. v. Clark, supra, defendant was driving his automobile at about 1:15 a.m. through the town of Jesup. He drove into the side of a moving passenger train. Plaintiff's decedent and another guest were killed. In view of the rules established in previous decisions as to reckless driving this court affirmed the order of the trial court directing a verdict for defendant.

In Long v. Pearce, supra, defendant drove his automobile into the side of a moving train in town of Eldora. Defendant

testified he did not remember seeing the train or lights, nor hearing any whistle or bell. The case was submitted to the jury and a verdict rendered for plaintiff. We reversed the case holding that under our long-established rules defendant was not guilty of reckless driving.

IV. Appellant emphasizes the remarks made by plaintiff to defendant, and his answer, as shown in statement of facts. It is possible a situation may arise in reckless driving cases where remarks, or caution, by the guest may have a bearing on the final decision, but to date we have not considered such remarks very important in deciding the ultimate question of recklessness. We have primarily based our decisions on "actions", rather than "words." Russell v. Turner, supra; Mescher v. Brogan, 223 Iowa 573, 272 N.W. 645; Goodman v. Gonse, supra.

The only condition under which remarks might become pertinent would be if the remarks, coupled with actions of the driver, exhibited evidence of a frame of mind showing "no care, and a complete disregard for consequences." Hahn v. Strubel, 243 Iowa 438, 52 N.W.2d 28.

In Russell v. Turner, supra, plaintiff and other occupants of the car asked the defendant to drive slowly. His response was: " 'I don't care. I'm mad.' " In connection with these statements the decision states, at page 461 of 56 F. Supp.: "It seems that in Iowa the disregard of admonitions and suggestions made to a driver by those riding with him does not ipso facto change him into a reckless driver under the guest statute."

In Mescher v. Brogan, supra (page 577 of 223 Iowa), the guests begged the driver to slow down, to which defendant replied: " 'You have got to die sometime, you might as well [die] here as any place.' " This was a case where we held the question of recklessness should be submitted to the jury. Concerning the remark we stated the driver did show a mental attitude of indifference to consequences, but stated (page 581) the position of the court as follows: "We [the court] do not wish to be understood as laying any great stress upon the remark made by defendant."

In Goodman v. Gonse, supra (page 1096 of 247 Iowa), we approved a directed verdict for defendant. Some of the passengers protested to defendant as to his speed. He said: " 'Shut

your mouth, I don't like back seat drivers, you can get up here and drive.' " We held the statement and his actions were not sufficient to carry the case into the area of reckless driving.

In the instant case the statement of plaintiff about the car ahead has little significance as to the cause of the collision, and is not of sufficient importance to "ipso facto change [defendant] into a reckless driver under the guest statute." Russell v. Turner, supra.

Hahn v. Strubel, supra, has some similarities to the instant case and should be distinguished. Strubel invited Virginia Hahn to go with him to a dance. About ten o'clock they had a quarrel and she told him to take her home. They were both angry. Defendant drove over a bridge at a speed of from 40 to 50 miles per hour and after leaving the bridge increased his speed. Plaintiff asked him to slow down, which he failed to do. As he proceeded west he crashed into a car which was parked 365 feet from the end of the bridge. He pushed the parked car ahead into another car. He then proceeded up the street with his wheels sliding or skidding. After going about 150 feet he turned around throwing plaintiff out of the car, and finally stopped on the curb, after striking and breaking a street intersection sign. After the accident defendant told witnesses he was " 'mad, was going too fast'," his lights were poor, and he was in a hurry. We held there was evidence in these actions that defendant used no care and that he acted in a manner of total disregard for the safety of his guest. While there are similarities, the facts are much stronger as to evidence of recklessness than in the case at bar.

V. On the state of facts as set out, and considering our many previous decisions, was defendant guilty of reckless driving? Mrs. Mark Dewey, the wife of the owner of the parked car, was a witness. A neighbor called her after the crash, and she ran out immediately. Plaintiff and defendant were still in the front seat of the car. She testified: "It looked like he had tried to avoid our car on the left-hand side and swung around. It was the left rear corner of our car that was damaged." It is probable that if this was a negligence case, and submitted to a jury, the jury would find negligence. However, the occurrence is far short of establishing reckless driving as we have defined it in many

decisions. Construing the evidence, as we must, in the light most favorable to plaintiff, we cannot find " 'an absence of all care coupled with a disregard of consequences.' " Peter v. Thomas, 231 Iowa 985, 986, 2 N.W.2d 643, 644. Defendant did not wantonly and willfully run into the rear of the parked car. The testimony shows he was in the act of driving around the car, when the collision occurred. He apparently was guilty of error in judgment in failing to properly gauge his distance in order to pass the rear of the car. He may have had a moment of thoughtlessness. Judge Graven said in Russell v. Turner, supra, at page 566 of 148 F.2d : " 'An error in judgment, thoughtlessness, or mere inadvertence does not constitute recklessness within the meaning of the statute.' " While this case presents a regrettable situation, because of plaintiff's serious injuries, the fact remains she was defendant's guest. Following rules clearly established in many previous decisions, we conclude defendant was not guilty of reckless driving.

The orders of the trial court directing a verdict for defendant and overruling motion for new trial are affirmed.—Affirmed.

BLISS, C. J., and WENNERSTRUM, GARFIELD, SMITH, HAYS, THOMPSON, and LARSON, JJ., concur.