Dewey Tucker, appellant, v. David Heaverlo, appellee.

No. 49259.

(Reported in 86 N.W.2d 353)

November 12, 1957.

McMullin, Running, Test & Gardner, of Des Moines, for appellant.

H. E. DeReus, of Knoxville, and H. S. Life, of Oskaloosa, for appellee.

WENNERSTRUM, J.—Plaintiff brought an action at law to recover damages for pain and suffering, hospital, medical and surgical expenses and loss of earnings claimed to have been sustained by him as the result of an automobile accident. The principal issue presented in the trial court pertained to whether the defendant had operated his automobile in a reckless manner. At least the record and the motion for a directed verdict so indicated. Upon the completion of the plaintiff's testimony the trial court directed a verdict for the defendant on the

ground there was not a sufficient showing of recklessness to allow recovery under the guest statute. Section 321.494, 1954 Code. A motion for new trial was filed by the plaintiff which was overruled. The plaintiff has appealed. His counsel in this court did not represent him in the trial court.

Approximately seven weeks after the overruling of the motion for a new trial and after the appeal had been taken the plaintiff filed a second amendment to his petition by adding to one of the original divisions of the petition the words, "as a passenger for hire." The plaintiff had not so pleaded previously during the trial. Subsequently a motion to strike this second amendment was filed and later sustained.

During the evening of October 23, 1954, plaintiff was in a tavern in Monroe, Iowa. He made inquiry of the proprietress relative to obtaining a taxi which could take him to Oskaloosa. The defendant apparently overheard the plaintiff's statement and volunteered to take him. It is the plaintiff's testimony he then stated: "That will be very nice. I will pay you for it." And the plaintiff further testified the defendant replied: "I have got a friend with me and he wants to get out and see his father. We will go out in the country and then we will go to Oskaloosa."

The defendant, David Heaverlo, his companion named Marshall, and the plaintiff left Monroe and drove east from the town. Heaverlo and Marshall were in the front seat with Heaverlo driving, and Tucker, the plaintiff, was in the back seat. After leaving Monroe the parties stopped at the home of Marshall's father for twenty or thirty minutes and then proceeded on their trip. Sometime between 9:30 and 10 p.m. while the defendant was driving south on a gravel road the accident which resulted in the injuries to the plaintiff occurred. The plaintiff testified that while they were driving on this road he observed the speedometer of the automobile registered a driving speed of between 65 and 70 miles per hour. He also testified he said to the defendant, "* * * you better slow down * * *", to which the defendant replied, "* * * No, we'll make it." The plaintiff further testified he then stated: "* * * If you won't slow down, you can stop this car at this farmhouse and let me out. I will find somebody else to get me back to Oskaloosa." Plaintiff further stated the defendant did not stop and while they continued

driving south, and apparently at the rate of speed mentioned by him, the car weaved and swayed.

The accident occurred at a T intersection, and concerning the immediate incidents the plaintiff testified: "Well, we just went on this entering road; went across and dove into an embankment on the other side of the road. We was in the ditch and wrecked. I got my leg broke in two places. * * *." On cross-examination the plaintiff was asked whether he had had more than one conversation with the defendant relative to the speed of the car, and he stated: "* * * I told him to slow down; then I cautioned him again about it."

There is no evidence of any warning signs as they approached the intersection and there is no testimony the defendant had any knowledge of the road. The plaintiff testified he had never been over it.

The plaintiff in his brief and argument calls our attention to claimed evidences of recklessness as disclosed by the record. They include: driving an old car at a claimed speed of between 65 and 70 miles per hour; the car weaved and swayed at the speed traveled; it was nighttime and dark; the defendant disregarded plaintiff's comments regarding the speed of the car and his request to be let out of it; the defendant was traveling on a gravel roadway and was overdriving his headlights in that he was able to apply the brakes of his automobile for only 25 feet before striking the embankment; the defendant was not keeping a proper lookout in that he was not able to apply the brakes of the automobile in sufficient time and for sufficient space to avoid the impact, and the defendant made an oral admission of his recklessness by pleading guilty to a charge of reckless driving.

In keeping with our long-established rule all these claimed evidences of recklessness should be considered in a light most favorable to the plaintiff in determining whether a directed verdict in the instant case should be approved. It is equally true we should endeavor to apply the foregoing claimed evidences of recklessness to our previous decisions in order that there may be, as far as possible, uniformity in our holdings. However, as we have heretofore held, each case must be decided on the facts disclosed.

It is particularly urged the plaintiff was a guest passenger. A recovery under such circumstances is limited by the provisions of that statute. It is as follows: "Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle." Section 321.494, 1954 Code of Iowa.

Consequently we must determine whether under the circumstances previously set forth recklessness was so shown as to justify and necessitate the determination of that question and the claimed resulting damage by a jury. There is no evidence of intoxication.

This court has considered many cases relative to the claim of recklessness. In the case of Russell v. Turner, 56 F. Supp. 455, our cases on this subject matter decided up to 1944 are commented upon and reviewed. In Schmitt v. Cutkomp, 248 Iowa 575, 81 N.W.2d 662, our later cases are noted.

■ I. As heretofore noted the plaintiff called defendant's attention to the speed of the car and requested he be let out of it. We are also reminded of the defendant's reply: "We'll make it." Does high speed coupled with a remark such as is attributed to defendant indicate a reckless attitude and "a disregard for consequences"?

Actions rather than words have been determinative of our decisions regarding recklessness. Schmitt v. Cutkomp, 248 Iowa 575, 580, 81 N.W.2d 662, 664. The disregarding of an admonition does not in itself evidence a reckless state of mind. Russell v. Turner, 56 F. Supp. 455, 461. A like holding is found in Mayer v. Sheetz, 223 Iowa 582, 587, 273 N.W. 138, where under the circumstances disclosed we held exclamation relative to speed was not sufficient to justify the submission of the question of recklessness to the jury. In Mescher v. Brogan, 223 Iowa 573, 581, 272 N.W. 645, 650, in commenting on remarks made by occupants of an automobile we stated: "* * * In other words, the consequences were neither added to, nor detracted

from, by this statement or by his mental attitude. It is the actions and conduct, and not the mental attitude of the actor, that measure the degree of care and determine whether or not one is proceeding without heed of, or concern for, consequences, and with a heedless disregard for, or indifference to, the rights of others."

■ It is when remarks, along with actions of the driver, disclose evidence of a frame of mind showing no care, and complete disregard for consequences, that we can say such remarks have a bearing on the question of recklessness. Schmitt v. Cutkomp, supra, at page 580 of 248 Iowa, and pages 664, 665 of 81 N.W.2d. Hahn v. Strubel, 243 Iowa 438, 52 N.W.2d 28.

■ On this phase of the evidence we are unable to conclude there were, along with the statements attributed to defendant, actions on his part which manifested a heedless disregard for and indifference to the claimed dangerous conditions.

II. There is no evidence disclosed by the record which indicates the defendant driver had ever been over the road on which he was driving and had any knowledge of his approach to a T intersection. Likewise there is no evidence of roadside warning signs of any change in its course.

In Russell v. Turner, supra, at page 465 of 56 F. Supp., where the court was dealing with a similar type of intersection it is stated: "Dealing with the situation from the viewpoint of possibilities and probabilities, it would appear to be the Iowa rule that the sudden ending of a road without warning to one unfamiliar with the road is a possibility and not a probability on the question of whether the driver is acting in conscious disregard of danger."

The cases of Wilde v. Griffel, 214 Iowa 1177, 243 N.W. 159, and Tomasek v. Lynch, 233 Iowa 662, 10 N.W.2d 3, are cited as authority for the holding that where the driver does not have conscious knowledge that a road ends at a T intersection one is not guilty of recklessness in not observing the character of the intersection in time. In each of the last two cited cases this court held there was not sufficient evidence of recklessness to justify the submission of fact questions relative to recklessness to a jury. See also Peter v. Thomas, 231 Iowa 985, 2 N.W.2d 643; Nesci v. Willey, 247 Iowa 621, 628, 75 N.W.2d 257.

It is apparent the defendant applied the brakes of his automobile approximately 25 feet before the vehicle went into the ditch and against the embankment. It is true this is a comparatively short distance but it does indicate an effort to stop the automobile as soon as the driver became aware of the apparent danger. And undoubtedly he realized the danger before his mental and physical reflexes permitted him to so apply the brakes. In Tomasek v. Lynch, supra, there was evidence the tires skidded for 20 feet before the automobile went over an embankment. In that case the court held there was not sufficient evidence of recklessness to warrant submitting the case to the jury. And on the facts commented upon in this division of our opinion this must be our holding.

III. The traveling on a gravel road on a dark night and the claimed driving of the automobile at a speed which would not permit stopping within the distance covered by the headlights has been suggested as evidence of recklessness. To drive at a speed which would not allow stopping when suddenly confronted with a dangerous situation does not necessarily indicate a willful disregard for consequences. It might evidence poor judgment but it would not in itself manifest recklessness. It should be stated in regard to this last claim there is no evidence whatsoever regarding the headlights and how far they disclosed the road ahead.

Likewise it is not shown the defendant had any knowledge of the road traveled or of the T intersection. Lack of knowledge was pleaded in defendant's answer and denied in the plaintiff's reply.

In Goetsch v. Matheson, 246 Iowa 800, 805, 68 N.W.2d 77, 80, we had a factual situation virtually similar to the present case. There the driver was approaching a T intersection. The speed was "* * * 'approximately fifty miles per hour.' The road was gravel, it was raining, 'awfully dark', and visibility poor." And it is further stated: "But this is not evidence the driver knew 'an accident could not be avoided if the car was approaching a dead end.' The sequel shows an accident was *not* avoided. But it is not sufficient to charge the driver was reckless in thinking he was on the right road and in driving accord-

ingly; or even in thinking he was driving safely if the sequel should prove he was approaching the T intersection."

Inasmuch as in the cited case we held there was not sufficient evidence of recklessness we cannot find in the record of the present case distinguishing facts which would so indicate.

IV. It is also asserted the defendant failed to keep a proper lookout and by reason of that fact he was unable to apply the brakes of his automobile in sufficient time to avoid going into the embankment.

This claimed ground of recklessness was also pleaded in Wilde v. Griffel, supra, 214 Iowa 1177, 1179, 243 N.W. 159, 160. We there stated: "From the point of the discovered danger there is no evidence of what occurred, except that the car failed to make the turn. There is no record evidence that the car was in any way defective or that the lights and the brakes on the automobile were not operating properly, nor is there evidence to prove that the driver did not do everything in his power to avoid the accident. The burden of proof was upon the plaintiff (appellant) to prove that the driver of the car (Albert Griffel) was guilty of recklessness."

And in Tomasek v. Lynch, supra, we considered a T-intersection accident and although lack of lookout was not commented on, yet from the facts there related and discussed we necessarily gave consideration to them. We there stated at page 670 of 233 Iowa, page 7 of 10 N.W.2d: "When the lights of the automobile showed a row of trees ahead the driver realized that there had been a mistake as to the road taken. Confronted with such a situation, he realized that he must act at once, either attempt to stop the car or try to make the turn. He might have been able to make the turn. He decided to attempt to stop, and he did the only thing he could to stop and that was to apply the brakes. The skid marks show that he did so. In spite of his efforts to stop, the car slid ahead and into the ditch."

We cannot find in the present case evidence of a failure to keep a proper lookout which would in itself manifest recklessness.

V. We have repeatedly held speed alone is not sufficient to show recklessness. Whiting v. Stephas, 247 Iowa 473, 479, 74 N.W.2d 228, 231. However, this holding is subject to qual-

ifications. Anderson v. Elliott, 244 Iowa 670, 678, 57 N.W.2d 792. Knowledge of dangerous conditions on the highway, or where there are dangerous situations which may be apprehended, such as speeding into a sharp curve, is a circumstance which can and should be considered in connection with speed. Road-warning signs can also be considered. Surrounding circumstances, in addition to speed, are found present in the following cases: Hart v. Hinkley, 215 Iowa 915, 918, 247 N.W. 258; Thornbury v. Maley, 242 Iowa 70, 45 N.W.2d 576; Claussen v. Estate of Johnson, 224 Iowa 990, 278 N.W. 297. In the cited cases we held there were sufficient facts disclosed, in addition to speed, to justify the submission to a jury the question whether the defendant had operated an automobile in a reckless manner.

We do not find in the present case, in addition to the speed of the automobile, such additional facts and circumstances which were present in some of the cases herein noted.

■ VI. In connection with plaintiff's claim of recklessness on the part of the defendant-driver it is maintained this fact was shown by the claimed plea of guilty to reckless driving entered by the defendant in a Justice of the Peace court. The trial court only admitted as an admission the claimed statement made by the defendant to the effect he plead guilty. A plea of guilty may be admissible as an admission against interest. Blashfield, Cyclopedia of Automobile Law and Practice, 1954 Edition, Volume 9C, section 6196, page 310.

In Boyle v. Bornholtz, 224 Iowa 90, 100, 275 N.W. 479, we held a plea of guilty is not conclusive in a civil action and is admissible only to the extent of being evidence of an admission. Even though such evidence may be considered as an admission under certain situations it cannot be held, in the light of our statutes, to be admissible to show recklessness in a civil action.

The recklessness referred to in the statute pertaining to civil liability, section 321.494, 1954 Code, is different from the recklessness noted in the criminal statute, section 321.283. This is shown by our holding in State v. Jacobsmeier, 229 Iowa 878, 294 N.W. 920, where we stated the definition of recklessness used in civil cases under the "guest statute" is not applicable in such criminal cases. If it is a different kind of recklessness we can-

not see how an admission of guilt under the criminal statute is evidence of recklessness in the civil action.

The criminal statute has nothing to do with what constitutes recklessness under the automobile guest statute is the holding and conclusion reached in Russell v. Turner, supra, 56 F. Supp. 455. For similar expressions see Fleming v. Thornton, 217 Iowa 183, 251 N.W. 158; Shenkle v. Mains, 216 Iowa 1324, 247 N.W. 635; Neessen v. Armstrong, 213 Iowa 378, 239 N.W. 56.

As further evidence of the nonapplicability of the criminal statute to the one relating to civil liability based on recklessness, attention is called to section 321.489, 1954 Code, which is as follows: "Record inadmissible in a civil action. No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action."

We have heretofore indicated our conclusions relative to a claimed admission in a criminal case, but as bearing on this question see Warren v. Marsh, 215 Minn. 615, 11 N.W.2d 528, 530, 532, where the Minnesota court discusses a statute similar in wording to the Iowa statute here quoted. It was there held evidence of a plea of guilty to a criminal recklessness statute was not admissible in a civil action involving liability by reason of claimed recklessness.

VII. We have heretofore mentioned that after the overruling of the motion for new trial and the taking of an appeal the plaintiff, undoubtedly by his new counsel, sought to amend his petition by adding the allegation "as a passenger for hire." It will thus appear the plaintiff is seeking to bring himself within the exception noted in the guest statute. Under that statute the owner or operator of a motor vehicle is not liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation "and not for hire unless * * *." The justification for the amendment is the one statement in the evidence attributed to the plaintiff, when in reply to a comment made by the defendant the plaintiff said "* * * I will pay you for it."

In the plaintiff's petition the sole basis for recovery is found in the following paragraph: "That all of the injuries, losses and damages complained of herein were due solely to the

reckless operation of defendant's automobile, driven and operated by the defendant at all times herein mentioned."

The amendment would add to paragraph 4 of the petition so it would thereafter read: "That at said time and place plaintiff was riding in the rear seat of defendant's said automobile *as a passenger for hire."*

The only ground for recovery pleaded and considered during the trial was the claim of recklessness. The plaintiff now seeks to allege as a basis for recovery a claim of negligence on the theory he was a passenger for hire. It is maintained this is possible under rule 249, R. C. P., which is as follows: "In deciding motions under rule 243 or 244, the court shall treat issues actually tried by express or implied consent of the parties but not embraced in the pleadings, as though they had been pleaded. Either party may then amend to conform his pleadings to such issues and the evidence upon them; but failure so to amend shall not affect the result of the trial."

Rule 243 relates to a motion for judgment notwithstanding verdict and rule 244 pertains to grounds for new trial. We can see no basis for the applicability of rule 249. There was nothing in the entire proceedings which would indicate the question of the plaintiff being a passenger for hire was actually tried by express or implied consent of the parties. It must be remembered the plaintiff specifically alleged the injuries for which recovery was sought "* * * were due solely to the reckless operation of defendant's automobile * * *."

Even if rule 249 might be considered as here applicable it should be kept in mind this rule relates to the matters covered by rules 243 and 244. It is not in connection with these two rules that we are asked to consider rule 249. This later rule has application to matters considered in the trial court and is not intended to permit a change of complaint after an appeal has been taken. Under the circumstances there is no justification for holding under rule 249 a new issue can be brought into the case.

In 4A C. J. S., Appeal and Error, section 617, page 412, there is a statement applicable to the situation here considered, which is as follows: "After the case is pending in the appellate tribunal, a pleading cannot be amended in matters of substance,

nor can a new or supplemental pleading be filed, so as to affect the appellate proceedings."

And of a similar nature is the statement made in 3 Am. Jur., Appeal and Error, section 528, page 192, as follows: "The general rule is universally recognized that a duly perfected appeal or writ of error divests the trial court of further jurisdiction of the cause in which the appeal has been taken. The jurisdiction over the action is transferred to the appellate court. Accordingly, pending the review proceedings, the lower court, as a general rule, has no power to allow amendments of the proceedings * * * ."

■ In Wernet v. Jurgensen, 241 Iowa 833, 836, 43 N.W.2d 194, 196, we did not consider an amendment to a pleading but an amendment to a court order after appeal and stated: "Although the pendency of appellate proceedings does not preclude the trial court from amending its records to correct errors and mistakes to make it 'speak the truth' an order appealed from cannot ordinarily be thus amended or modified as to matters of substance."

The conclusion reached in the last cited case is applicable to the present situation.

■ We hold the amendment in the present case was not timely filed in that after appeal the trial court lost jurisdiction to consider matters of substance relating to the issues. The sustaining of the motion to strike the amendment to the petition was proper. As bearing on the question herein considered see Grimes Savings Bank v. Jordan, 224 Iowa 28, 34, 276 N.W.71; Woodcock v. Wabash Ry. Co., 135 Iowa 559, 561, 113 N.W. 347; Stillman v. Rosenberg, 111 Iowa 369, 374, 82 N.W. 768.

Upon review of the several grounds presented for reversal of the trial court we hold they are without merit. We therefore affirm.—Affirmed.

All JUSTICES concur.